Thomas E. HARRIS, Plaintiff–Appellant,

v.

CITY OF AUBURN, George Brown, Mary Thornton, et al., Defendants–Appellees.

No. 93–2636.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1994.

Decided June 29, 1994.

Patricia L. Hayes, Hayes Law Office, Springfield, IL (argued), for plaintiff-appellant.

William C. Barasha, Kurnik, Cipolla, Stephenson & Barasha, Arlington Heights, IL (argued), for defendants-appellees.

Before BAUER and MANION, Circuit Judges, and GILBERT, Chief District Judge.[*]

BAUER, Circuit Judge.

Thomas Harris is a part-time police officer in the City of Auburn, Illinois. The Mayor of Auburn suspended Harris for thirty days without pay on February 29, 1992, pursuant to City of Auburn Ordinance No. 854–83, 8–2. The ordinance does not provide any pre-

[*] The Honorable J. Phil Gilbert, Chief Judge of the United States District Court for the Southern District of Illinois, is sitting by designation.

suspension remedies, but does provide for review by the City's Personnel Committee. After the suspension, Harris was reinstated. Harris brought this suit against the City of Auburn, its Mayor, and individual members of the City Council. He claims that his rights were violated because he was not informed of the reasons for his suspension prior to its execution and the review process does not set forth an applicable standard of proof or procedural rules. Harris styles his claims as violations of both substantive and procedural due process.

The City responded to Harris' complaint with a motion to dismiss for failure to state a claim. Despite an extension of time to respond to the City's motion, Harris did not file a response. The district court subsequently granted the City's motion, holding that Harris could not demonstrate that he had a property interest in his employment or that he was deprived of a liberty interest. Accordingly, on June 9, 1993, the district court dismissed Harris' claim with prejudice. On June 14, 1993, Harris moved the district court to vacate its order and requested leave to amend his complaint. Harris, however, did not append a proposed amended complaint to his motion to vacate; in fact, Harris' counsel admitted at oral argument that an amended complaint has never been drafted. The district court denied Harris' motion to vacate. Harris appealed both the district court's dismissal of his complaint and its denial of his motion to vacate. We affirm.

Our review of the district court's judgment is *de novo*. *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1477 (7th Cir.1990). Dismissal of a claim is appropriate if there exists no set of facts that would support the claim and entitle Harris to recover. *Id.* In making this determination, we accept Harris' well-pleaded allegations as true. *Id.*

Before Harris may assert a due process claim, be it procedural or substantive, he must establish that he has a "legitimate claim of entitlement" to the right being

asserted. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In evaluating his claims of entitlement, we look to "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Harris claims that his suspension, and the circumstances surrounding it, deprived him of both a property and a liberty interest. We address the property interest first.

■ In a nebulous fashion, Harris claims that the "State Statute [sic], rules and regulations of the State of Illinois, and ... United States Constitution" bestow upon him a property right to his employment. In fact, none of these create for Harris a property interest in his employment; it is the City of Auburn's Personnel Ordinance that defines Harris' employment status. Personnel Ordinance § 19¼–113 provides: "The mayor may dismiss any city employee for disciplinary reasons or for non-disciplinary reasons as provided by ... this Code." This language describes an at-will employment arrangement. Our cases make clear that an at-will employee does not have a constitutionally protected property right in his continued employment. *See, e.g., Campbell v. City of Champaign*, 940 F.2d 1111, 1112 (7th Cir.1991); *McMillian v. Svetanoff*, 878 F.2d 186, 191–92 (7th Cir. 1989).

Regardless of their veracity, Harris' arguments that the Mayor and City Council acted improperly and that the City's procedures are deficient do not matter one whit. What does matter is the character of Harris' employment status, which is that of an at-will employee. Harris does not allege in his complaint (at least not cogently or with any specificity) that a state statute or a specific contractual right supersedes the City's Personnel Ordinance or alters the character of his employment. *See Hohmeier v. Leyden Community High Schs. Dist. 212*, 954 F.2d 461 (7th Cir.1992); *Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 106 Ill. Dec. 8, 505 N.E.2d 314 (1987). Harris, therefore, has no constitutionally protected property right in his employment as an at-

will employee enabling him to raise a valid due process claim.

■ Even though Harris has no protectable property interest in his job as a part-time Auburn police officer, he may still assert the deprivation of a liberty interest. To do so, Harris must show that: 1) he was stigmatized by the defendants' conduct, 2) the stigmatizing information was publicly disclosed, and 3) he suffered tangible loss of other employment opportunities as a result of public disclosure. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991) (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976)). In this case, we need only focus on the second requirement, for Harris' complaint only vaguely reveals any information as to the public disclosure of any possible stigmatizing statements.

All that Harris' complaint alleges is that Auburn's Mayor made statements that implied official misconduct by Harris. That is it. The complaint does not reveal to whom the statements were made, where they were made, or what exactly was publicly disclosed. We have come to learn, in the brief and oral argument to this court, that Harris claims that the Mayor made statements that caused the Illinois Air National Guard to dismiss Harris from whatever duties he held with that organization. It is only the complaint, however, that counts, and Harris' complaint is virtually devoid of any information regarding the public disclosure of these allegedly stigmatizing statements. Without public disclosure, Harris cannot claim that his "good name, reputation, honor or integrity" was injured. *See Bishop v. Wood*, 426 U.S. 341, 348–49, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). He has failed to prove that he was denied a liberty interest without due process of law.

■ Finally, Harris argues that the district court abused its discretion in denying his motion to vacate its judgment so that he could amend his complaint. Since judgment was already entered before Harris requested leave to amend his complaint, Harris was required to file a motion to amend or vacate the judgment under Rules 59(e) or 60(b). *Paganis v. Blonstein*, 3 F.3d 1067, 1073 (7th

Cir.1993). Harris filed a motion entitled "Motion to Vacate Order of Dismissal" which, because it was filed within ten days after the district court entered judgment in this case, we treat as a Rule 59(e) motion to amend judgment. In evaluating the merits of the motion to vacate a judgment, the district court is required to consider the merits of the movant's request for leave to amend its complaint. *Id.* (footnote omitted).

 Harris cites Rule 15(a) of the Federal Rules of Civil Procedure for the proposition that leave to amend shall be freely given when justice so requires. But, the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered. *First Nat'l Bank v. Continental Illinois Nat'l Bank,* 933 F.2d 466, 468 (7th Cir.1991). At this juncture, the party making a Rule 59(e) motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion. *Id.* Unfortunately for Harris, the circumstances for his delay do not constitute a good reason to grant his motion, nor does his legal argument.

It appears that the day before Harris' response to the defendants' motion to dismiss was due, a power outage caused the failure of all the computer facilities in Harris' attorney's office. As a result, Harris did not meet the deadline to respond. Moreover, Harris' attorney neither informed the court of any problems nor requested an extension of time; the first the district court heard of any of this was ten days later when Harris filed his motion. These events hardly excuse Harris' failure to timely file his response to the defendants' motion to dismiss.

In addition, Harris did not even file a proposed amended complaint with his motion. In light of the requirement that the district court is to consider the merits of the request for leave to amend, we have noted previously that the failure to tender an amended complaint with a motion to alter judgment may indicate a lack of diligence or good faith. *See, e.g., Otto v. Variable Annuity Life Ins.,* 814 F.2d 1127, 1139 (7th Cir. 1986), *cert. denied,* 486 U.S. 1026, 108 S.Ct. 2004, 100 L.Ed.2d 235 (1988). Harris did, in his motion to vacate the judgment, mention one additional ground upon which his claim might be based; he argued in that motion and in his brief to this court that the Illinois enactment of the Uniform Peace Officers' Disciplinary Act, 50 ILCS 725, confers upon Harris a property right in his employment. This act, however, does nothing to alter Harris' employment status as an at-will employee. Accordingly, even if Harris had produced a proposed amended complaint that included this argument, it still would not have alleged facts on which relief could have been granted. The district court properly considered and rejected Harris' argument, and it did not abuse its discretion in denying Harris' motion to vacate its judgment.

For the foregoing reasons, the decision of the district court is

AFFIRMED.