37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Douglas BERES, Plaintiff-Appellant,
v.
VILLAGE OF HUNTLEY, ILLINOIS, James Dhamer, Village
President and Richard Rossi, Chief of Police,
Defendants-Appellees.
 No. 94-1951.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 13, 1994.
Decided Oct. 12, 1994.
 
 Before LAY,* BAUER, and WOOD, Jr., Circuit Judges.
 
 ORDER
 
 1
 On December 5, 1991, Douglas Beres was discharged from his position as a police officer for the Village of Huntley, Illinois. He filed suit pursuant to 42 U.S.C. Sec. 1983, alleging that his termination was a violation of his Fourteenth Amendment due process rights. The defendants successfully moved for summary judgment, and the case was dismissed. Beres appeals, and we affirm.
 
 
 2
 The facts giving rise to this case are as follows. Sometime in the early morning on December 2, 1991, a car and approximately forty tires were stolen from the King Chevrolet dealership in downtown Huntley. Beres and another officer, Keith Albert, were on duty at the time, but did not discover the theft until near the end of their shift at 7 a.m. Beres had been reprimanded once before for his failure to detect a robbery at a local convenience store. So, on the day following the tire theft, Huntley's Chief of Police, Richard Rossi, met with Beres to discuss the theft. At the conclusion of the meeting, Chief Rossi informed Beres that in lieu of suspension, he was putting Beres on a mandatory five-day vacation. Chief Rossi also suggested that Beres start searching for a new job.
 
 
 3
 Based on the tire theft and the convenience store robbery, Beres was officially discharged on December 5, 1991. In response, Beres filed a two-count complaint under 42 U.S.C. Sec. 1983. In the first count, Beres alleges that he had a protected property interest in his employment and that by firing him without providing him a hearing, Chief Rossi and the Village of Huntley violated his rights under the Due Process Clause of the Fourteenth Amendment. Beres then asserts in the second count of his complaint that termination of his employment ruined his good name and reputation in which he had a vested liberty interest. The failure to provide him with an opportunity to clear his name, Beres claims, was also a due process violation.
 
 
 4
 Finding no basis for Beres's alleged entitlement to continued public employment, and, therefore, no property interest in his job, the district court granted summary judgment in favor of the defendants on the first count of the complaint. The court also granted the defendants' motion for summary judgment on the second count because there was no evidence that the defendants publicly disseminated information that was damaging to Beres.
 
 
 5
 We review the district court's decision de novo. Colburn v. Trustees of Indiana Univ., 973 F.2d 581, 585 (7th Cir.1992). Summary judgment is appropriate if the pleadings, depositions, and other documents in the record construed in a light most favorable to the nonmovant reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 6
 To show that he had a protectible property interest in his tenure as a police officer, Beres must demonstrate that the government provided him with assurances of continued employment. Such assurances must be derived from some independent source which creates rules or understandings about the employee's entitlement to certain benefits. Colburn, 973 F.2d at 589 (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). Clearly, a state statute or a contract provision may confer upon a public employee a property interest enforceable under the Due Process Clause. See Hadley v. County of Du Page, 715 F.2d 1238, 1241 (7th Cir.1983), cert. denied, 465 U.S. 1006 (1984). But a property interest may also arise under less explicit terms. Where, for example, a state university has not formally adopted a tenure system for its professors but adheres to one in practice, the Supreme Court has held that there is an "unwritten common law" of employment which may create a legitimate property interest. Perry v. Sindermann, 408 U.S. 593, 602 (1972).
 
 
 7
 Beres contends that his property interest stems from two sources: the Huntley Police Department's Rules and Regulations ("Rules and Regulations") and certain verbal representations made to him by Chief Rossi. We consider each source's applicability in turn.
 
 
 8
 The Rules and Regulations require the Chief of Police to submit a written request to the Mayor and Village Board of Trustees before dismissing an employee. Beres contends that there is evidence suggesting that this procedure was not properly adhered to in his case and that this evidence is sufficient to create a triable issue of fact.
 
 
 9
 Drawing all possible inferences in Beres's favor, we still cannot envision how the procedural provisions pertaining to dismissal create a legitimate property interest in continued employment as a police officer. "[M]ere procedural rights ... do not of themselves give rise to property interests protected under the Fourteenth Amendment." Heck v. City of Freeport, 985 F.2d 305, 311 (7th Cir.1993). If anything, the absence of any substantive criteria by which a dismissal should be governed suggests that employees of the Huntley Police Department serve at the will of the Village Board.
 
 
 10
 Yet even if there were substantive criteria governing the discharge of employees, the lack of any evidence establishing that the Rules and Regulations were ever promulgated or adopted by the Village would support the district court's decision. To create a property entitlement, a rule or regulation must have binding force. Hohmeier v. Leyden Community High Schools Dist. 212, 954 F.2d 461, 465 (7th Cir.1992). Unless the Village was legally obligated to keep him on, Beres cannot claim to have had any assurances that he would not be discharged. Id. There is no evidence of any such obligation on the part of the Village. An affidavit from the Village Clerk confirms that the Village never adopted the Rules and Regulations. Mayor Dhamer's deposition testimony indicates that the Rules and Regulations were formulated by Chief Rossi's predecessor, but nowhere in the record does it appear that the Rules and Regulations were intended to serve as more than operations guidelines for the police force. For this reason alone, the Rules and Regulations do not constitute a source for Beres's alleged property interest.
 
 
 11
 Alternatively, Beres claims that certain verbal representations made to him by Chief Rossi assuring Beres that he could not be discharged for anything but just cause, gave rise to a protectible property interest. A property interest, to be enforceable, must be based on mutual understandings of ongoing employment. Perry v. Sindermann, 408 U.S. 593, 601 (1972). We have held, however, that unless the person making the representations has legal authority to bind the government, verbal assurances such as those allegedly made by Chief Rossi merely create unilateral expectations of employment, and therefore, are insufficient to support a property interest. Hadley v. County of Du Page, 715 F.2d 1238, 1242 (7th Cir.1983), cert. denied, 465 U.S. 1006 (1984). Under Illinois law, the Chief of Police lacks the authority to bind singlehandedly the Village of Huntley to such an agreement. 65 ILCS 5/8-1-7. Such decisions must be made by the Village Board. Because the Village Board did not authorize Chief Rossi to promise the police force that their employment was terminable for just cause only, his alleged representations to Beres were also insufficient to create a property right under the Fourteenth Amendment.
 
 
 12
 Finally, Beres claims that Chief Rossi made allegations subsequent to Beres's termination which implicated Beres in the tire theft and which suggested that Beres had been caught driving under the influence of alcohol. Beres contends that these statements, by questioning his integrity, impinged on his liberty interest and that the Village's failure to provide him with a hearing in which he could clear his name was a violation of his liberty-based due process rights.
 
 
 13
 Dismissal of a government employee does not constitute an infringement of the employee's liberty interest unless it is accompanied by injury to the employee's good name, reputation, honor, or integrity or if the state imposes a stigma or other disability on the employee which forecloses other employment opportunities. Mitchell v. Glover, 996 F.2d 164, 167 (7th Cir.1993). The ordinary stigma which attaches to any involuntary termination is insufficient to create a protectible interest. Ratliff v. City of Milwaukee, 795 F.2d 612, 625 (7th Cir.1986). Beres must demonstrate that Village officers publicly disseminated information that made it virtually impossible for him to secure new employment. Harris v. City of Auburn, 27 F.3d 1284, 1286 (7th Cir.1994); Ratliff, 795 F.2d at 625.
 
 
 14
 Evidence of such dissemination is lacking in the record. In support of his claim, Beres offers the deposition of Village Trustee, Charles Becker and the affidavit of Officer Albert. Becker's deposition reveals only that Beres's discharge was related to his failure to detect the tire theft. It does not suggest that Beres was somehow involved in the robbery or in any other misconduct.
 
 
 15
 Albert vaguely states in his affidavit that Chief Rossi informed him that Beres's discharge was based partly on a drunk driving charge. Albert's testimony fails, however, to show that Chief Rossi or any of the other Village officers disseminated this information to anyone outside of the police department. In Ratliff, a similar suit brought by a discharged policewoman against the City of Milwaukee, we made the following observation.
 
 
 16
 The interest protected by the liberty clause in this context is post employment reputation related to her ability to pursue her profession not the right to continued employment in the Milwaukee Police Department. Absent proof that the Police Department or any of the defendants disseminated the stigmatizing information in a manner which would reach future potential employers of the plaintiff or the community at large, she cannot show that the defendants' actions impinged on her liberty interest in pursuing her occupation.
 
 
 17
 Ratliff, 795 F.2d at 627. What Chief Rossi told members of the police force about Beres, though perhaps relevant in a defamation action, is insufficient publication for purposes of a due process claim. Because Beres offers no evidence showing that any stigmatizing information about him was disseminated in a manner such that it would reach potential employers, his liberty-based due process claim is also deficient.
 
 
 18
 For all of the foregoing reasons the decision of the district court granting summary judgment in favor of the defendants is
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, is sitting by designation