## ILLINOIS CONFERENCE OF TEAMSTERS AND EMPLOYERS WELFARE FUND, Plaintiff,

v.

## STEVE GILBERT TRUCKING, Defendant.

### No. 92–3267.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 27, 1995.

Thomas H. Wilson and Michael A. Myers, Springfield, IL, for plaintiff.

Gordon W. Gates, James R. Potter, Springfield, IL, and Stuart I. Cohen, Jeffrey Alan Ryva, and Gerard A. McInnis, Peoria, IL, for defendant.

### OPINION

RICHARD MILLS, District Judge:

This case is revisited.

Defendant has asked the Court to alter or amend its Opinion of May 20, 1994, *Illinois Conf. of Teamsters v. Steve Gilbert Trucking,* 853 F.Supp. 1091 (C.D.Ill.1994), granting summary judgment in favor of Plaintiffs.

The facts were set forth there and will not be repeated here.

### Procedural History

The Court found Defendant had waived the affirmative defense of fraud in the inducement by failing to properly plead the defense pursuant to Federal Rule of Civil Procedure 8(c) and that regardless of the waiver, fraud in the inducement was not a defense to Plaintiffs' claim.

In Defendant's motion to alter or amend now at bench, it argues that: (1) technical failure to plead an affirmative defense does not waive the defense if the defense is actually argued to the district court; (2) its defense to Plaintiffs' claim was fraud in the *execution,* not fraud in the *inducement,* and since fraud in the execution is not an affirmative defense it was not required to plead fraud in the execution as an affirmative defense.

Plaintiffs argue Defendant has waived the defense of fraud in the execution by admissions contained in its answer and that, re-

gardless of any waiver, fraud in the execution is not applicable in this case.

The Court has reviewed Defendant's memorandum in opposition to Plaintiffs' motion for summary judgment and has concluded that the Defendant did raise the defense of fraud in the execution in his memorandum. Due to confusion caused by a misprint in Defendant's memorandum and oversight by the Court, the Court did not address the issue of fraud in the execution in its original Opinion. Accordingly, the Court will now address the Defendant's defense of fraud in the execution.

### Fraud in the Execution

■ Defendant is correct in its assertion that the defense of fraud in the execution is not an affirmative defense which must be pled under Fed.R.Civ.P. 8(c).[1] "Any matter that does not tend to controvert the opposing party's prima facie case as determined by applicable substantive law should be pleaded, (as an affirmative defense) and is not put in issue by denial made pursuant to Rule 8(b)." Moore's Federal Practice, ¶ 8.27(3) (2nd ed. 1985). The defense of fraud in the execution controverts an element of Plaintiff's prima facie case—the existence of a contract between Defendant and Plaintiff—and therefore is not an affirmative defense. Thus, Defendant was not required to plead fraud in the execution as an affirmative defense.

■ This conclusion does not, however, dispose of the waiver argument.

In *Operating Eng. Pension Trust v. Gilliam*, 737 F.2d 1501 (9th Cir.1984), the Ninth Circuit held that fraud in the execution is a viable defense to claims brought pursuant to section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. In reaching this decision, the Ninth Circuit stated

"[w]e recognize that a party who signs a written agreement generally is bound by its terms, even though he neither reads it nor considers the legal consequences of signing it. (citations omitted). This proposition, however, is qualified by the principle that he who signs a document reasonably believing it is something quite different than it is cannot be bound to the terms of the document." (citations omitted).

*Id.* at 1504.

For Defendant to prevail on his claim of fraud in the execution, he must establish that he did not know that he was signing a collective bargaining agreement or a participation agreement with the welfare fund at the time he signed those documents. *Id.* at 1504–05, *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774 (9th Cir.1986), *cert. denied* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987). Accordingly, although Defendant was not required to plead the defense of fraud in the execution as an affirmative defense, Defendant's answer should have contained denials of Plaintiffs' allegations in their Complaint that a binding contract existed between Plaintiff and Defendant. Fed.R.Civ.P. 8(b).

Plaintiff's complaint states in part:

7. During all times relevant, the defendant was operating a trucking business and had executed the articles of construction agreement, which was the collective bargaining agreement covering the employer and the plaintiff. Copies of the relevant pages of the articles of construction agreement are attached hereto as Exhibit A.

8. The defendant also executed a "participation agreement," further agreeing to be bound by the terms and conditions of the declaration of trust for the welfare fund.

---

1. The Court has also reviewed Defendant's argument that failure to plead the affirmative defense of fraud in the inducement pursuant to Rule 8(c) does not waive that defense if it is argued to the district court. Defendant's position has merit and finds support in Seventh Circuit case law. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir.1987). There is, however, case law supporting the Court's position. *See Baker v. Chicago, Fire & Burglary De-tection, Inc.*, 489 F.2d 953, 955 (7th Cir.1973); and *see generally Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377–78 (7th Cir.1990). The point is moot, however, as it is beyond dispute that under *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1152 (7th Cir.1989), fraud in the inducement is not a defense in this case.

A copy of the participation agreement is attached hereto as Exhibit B.

10. The defendant is bound by the provisions of the trust agreement and all rules and regulations promulgated by the trustees under said trust agreement. The welfare trust agreement requires the defendant to pay continuing and prompt monthly contributions to the welfare fund on behalf of employees covered in the bargaining unit as described by the applicable collective bargaining agreements.

Defendant's answer states in part:

7. Defendant admits the allegations of ¶ 7.

8. Defendant admits the allegations of ¶ 8.

10. Defendant admits it is bound by the provisions of the health and welfare fund trust agreement and all the rules and regulations adopted by the trustees pursuant thereto. With respect to the remainder of ¶ 10, defendant states it has insufficient knowledge to either admit or deny these allegations and demand strict proof thereof.

This Answer admits Defendant executed the collective bargaining agreement, admits Defendant executed the participation agreement and furthermore, admits that Defendant is bound by the provisions of the health and welfare fund trust agreement and all the rules and regulations adopted by the trustees pursuant thereto. These admissions are diametrically opposed to a defense of fraud in the execution. Given these admissions, it is clearly unreasonable to expect Plaintiffs to anticipate that at the summary judgment stage Defendant would attempt to argue that no contract was ever formed between it and Plaintiffs.

It might be possible to read Defendant's Answer as saying it admits to technically signing the collective bargaining agreement and the participation agreement, however, that signature is ineffective because Mr. Gilbert did not know what he was signing. This argument fades, however, when Defendant further admits that it is bound by the terms of the participation agreement. Under Defendant's theory of fraud in the execution, even though Mr. Gilbert signed the collective bargaining agreement and the participation agreement Defendant would not be bound by the terms of the participation agreement due to the fraud in the execution of those documents. The proposed Amended Answer filed by Defendant—along with its motion to alter or amend—illustrates this point. The Amended Answer still admits to paragraphs 7 and 8, the execution of the collective bargaining agreement and the participation agreement; however, it denies paragraph 10 which alleges Defendant is bound by the terms of the participation agreement.

Defendant attempts to explain away its Answer by claiming that it did not become aware of the facts supporting the defense of fraud in the execution until after the Answer had been filed and discovery had been taken. Defendant argues, therefore, that it could not assert its defense of fraud in the execution until after the close of discovery.

This argument is untenable. The sole factual basis for Defendant's defense of fraud in the execution is Steve Gilbert's affidavit which states in part:

when I signed the articles of construction agreement in March 1990, I did not believe I was signing a collective bargaining agreement. Nor did I believe that by signing the articles I was responsible for making contributions to the health and welfare fund. No union official ever informed me that by signing the articles I would be responsible for making such contributions.

This affidavit was filed with Defendant's memorandum in opposition to Plaintiffs' motion for summary judgment. Mr. Gilbert's affidavit relates to events which occurred in March of 1990. This information was obviously available to Defendant on June 11, 1993, when it filed its Answer. In Defendant's memorandum in opposition to Plaintiffs' motion for summary judgment Defendant does not cite to any information obtained during formal discovery in support of its fraud in the execution defense. There is simply no excuse for Defendant's failure to preserve the defense of fraud in the execution by properly denying the relevant paragraphs of Plaintiff's Complaint.

Defendant claims Plaintiffs were not unfairly surprised by Defendant's assertion of fraud in the execution because Plaintiffs were aware that Defendant intended to raise the defense of fraud in the execution and therefore had ample opportunity during discovery to address this defense. Defendant fails, however, to provide any specific cites to discovery material which would lead Plaintiffs to believe that fraud in the execution was going to be argued. The only pleading cited by Defendant is its motion to amend its answer to include fraud in the execution as a defense.[2] The problem with this argument is that the motion to amend was filed on April 11, 1994 and Plaintiffs' motion for summary judgment was filed on March 16, 1994. Without specific citations to discovery material which should have put Plaintiffs on notice of a fraud in the execution defense, Defendant's argument fails. *Fort Howard Paper Co.*, 901 F.2d at 1377–79.

Defendant also argues that since Plaintiffs anticipated in their motion for summary judgment that Defendant may assert the defense of fraud in the *inducement* Plaintiffs were aware of the possibility that Defendant may also raise the defense of fraud in the *execution*. This argument is without merit. Given the state of the pleadings at the time Plaintiffs' motion for summary judgment was filed it would be totally unreasonable for Plaintiffs to believe that Defendant would attempt to argue fraud in the execution. As discussed above, Defendant had admitted to executing the collective bargaining agreement and the participation agreement and had admitted it was bound by the participation agreement. These admissions are completely inconsistent with the defense of fraud in the execution. Plaintiffs anticipation of a fraud in the inducement argument, on the other hand, was understandable in light of the pleadings and discovery material.

In the pleadings, Defendant admitted to executing the collective bargaining agreement and the participation fund. In the deposition of Mr. Gilbert, he stated that Mr. Carr (the Union Local's business agent) assured him that standard collective bargaining obligations would not be applied to Mr. Gilbert. These facts along with Defendant's pleadings would tend to support a defense of fraud in the inducement, a fact recognized by Plaintiffs. Thus, Plaintiffs noted in their motion for summary judgment that fraud in the inducement is not a defense to this type of case.

■ Defendant argues that under Rule 15(a), it should be allowed to amend its answer. If this case were still in the discovery stage, Defendant's argument would have merit. However, after discovery has closed and the case should be ready to proceed to trial it is too late in the day to amend an answer to add a completely new defense. If the Court allowed Defendant to amend its answer, the Court would necessarily have to allow Plaintiffs to reopen discovery in an attempt to refute Defendant's defense of fraud in the execution. This is simply unacceptable. "[T]he presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered. (citation omitted). At this juncture, the party making a Rule 59(e) motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion." *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994) (citation omitted). In the instant case, Defendant

---

2. This motion was denied by United States Magistrate Judge Charles H. Evans on April 19, 1994. Although Judge Evans did not state his reasons for denying the motion, and simply endorsed the front of the motion, it is clear the motion was denied due to its untimeliness. Three scheduling orders where entered in this case, due to Defendant's change in counsel. The final scheduling order was entered by Judge Evans on December 2, 1993. This order stated that no motions to amend the pleadings were to be filed. At the time this order was entered, the case had been on file for over one year.

In Defendant's motion to alter or amend judgment it argues that Judge Evans' denial of its motion to amend its answer has, through the serious of events in this case, become a case dispositive ruling which exceeds Judge Evans' authority under 28 U.S.C. § 636(b)(1)(A). Defendant did not, however, file an objection to Judge Evans' ruling in this court within ten days of the ruling. Thus, Defendant has waived any objection to Judge Evans' decision. *Video Views, Inc. v. Studio 21, LTD.*, 797 F.2d 538, 539 (7th Cir. 1986).

has not provided the Court with a good reason to grant its motion.

In short, Defendant admitted in its Answer that it executed the collective bargaining agreement and the participation agreement with the fund plus it admitted it was bound by the participation agreement. Then after discovery was closed and a dispositive motion filed, Defendant attempts to argue that it had not executed the collective bargaining agreement or the participation agreement and therefore was not bound by those documents. This failure to properly plead fraud in the execution does not justify allowing Defendant to amend its answer after judgment has been entered.

Since the Defendant has failed to properly raise the defense of fraud in the execution, the Court will not consider that defense in ruling on Plaintiff's motion for summary judgment. The Court realizes that the result of this ruling is harsh; however, Defendant has no excuse for failing to properly and timely present its claim of fraud in the execution.

*Ergo,* the Defendant's motion to alter or amend judgment is DENIED.