65 F.3d 171
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Garrett WAINWRIGHT, Timothy T. Ryan, Jr., and Michael J.
Lewis, Plaintiffs-Appellants,
v.
Richard P. DORIA, et al., Defendants-Appellees.
 No. 94-2640.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Aug. 22, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs Garrett Wainwright, Michael Lewis, and Timothy Ryan brought this suit alleging a number of federal constitutional and state law violations arising out of an incident in which they were forcibly evicted from an apartment in DuPage County. The complaint included, among other charges, a claim under 42 U.S.C. Sec. 1985(3) that their eviction was part of a broad conspiracy designed to retaliate against them because of their political views.[1] This conspiracy allegedly involved several public officials and private individuals, including DuPage County Sheriff Richard P. Doria and Judge Bonnie Wheaton.[2] The plaintiffs also alleged, under 42 U.S.C. Sec. 1983, that the Sheriff's office "had in force and effect de facto policies, practices or customs of opposing pro se self-help organizations, private judicial investigators, and DuPage Democrats." Second Amended Complaint p 44.[3] The magistrate judge dismissed the suit for failure to state a claim, holding that (1) the conspiracy claim must be dismissed because Sec. 1985(3) does not apply to politically-motivated conspiracies unless a racial motive is also present, see Bowman v. City of Franklin, 980 F.2d 1104, 1109 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993); Grimes v. Smith, 776 F.2d 1359, 1366 (7th Cir.1985), and (2) the plaintiffs failed to plead sufficient facts to demonstrate that the Sheriff's office possessed an unconstitutional policy or custom.
 
 
 2
 The plaintiffs filed a motion to reconsider under Fed.R.Civ.P. 59(e), seeking leave to file a third amended complaint because they had discovered new evidence relevant to the case. The magistrate judge denied the motion, and this appeal followed.[4]
 
 I. Denial of Leave to Amend[5]
 
 3
 The plaintiffs' second amended complaint alleges that no notice of the eviction was posted and that Paul Tabbert (whose name appeared on the lease for the apartment) was given only three days to respond to the summons. Second Amended Complaint p 36. In their motion to reconsider, the plaintiffs cited 735 ILSC 5/9-107 (mis-cited in the motion as 735 ILCS 5/9-106.1), which requires that, "where service by posting is allowed, ... the sheriff shall post 3 copies of the notice in 3 public places in the neighborhood ... at least 10 days prior to the day set for appearance." Id. In addition, the plaintiffs attached a copy of the Sheriff's office's policy regarding evictions, which states that tenants will be given a five-day warning before being forcibly evicted. R. 151 (Motion to Reconsider), Exhibit B. The plaintiffs claim that the Sheriff's office violated both Sec. 9-107 and its own policy by evicting them with only three days' notice. They allege that the decision of the Sheriff's office to violate Sec. 9-107 and its own policy is evidence that it evicted them pursuant to an unconstitutional policy. The motion to reconsider requests leave to file a third amended complaint containing this new argument. In addition, it states that the new complaint would replead the conspiracy claim as a pendant state claim.
 
 
 4
 After a judgment of dismissal has been entered, a plaintiff may seek leave to amend his complaint by filing a Rule 59(e) motion. Harris v. City of Auburn, 27 F.3d 1284, 1286 (7th Cir.1994). However, the policy that leave to amend shall be freely given, see Fed.R.Civ.P. 15(a), reverses after judgment has been entered. Harris, 27 F.3d at 1287; Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 785 n. 13 (7th Cir.1994). To obtain leave to amend under Rule 59(e), a plaintiff must give the court "a good reason to grant its motion," Harris, 27 F.3d at 1287, such as the discovery of new evidence or a mistake of law or fact. Vicom, 20 F.3d at 785 n. 13.
 
 
 5
 The plaintiffs claim that they did not discover the existence of Sec. 9-107 and the Sheriff's policy of giving five days' warning until after they had already filed their second amended complaint. This discovery, they contend, constitutes "new evidence." The plaintiffs do not argue that this "new evidence" was previously unavailable or not discoverable. Moreover, they admit that they discovered the Sheriff's policy before the magistrate ruled on the defendants' motions to dismiss.[6] To justify a Rule 59(e) motion, the plaintiffs must demonstrate that they could not have presented their new argument to the district court before judgment was entered. See Figgie Intl., Inc. v. Miller, 966 F.2d 1178, 1180 (7th Cir.1992). The plaintiffs do not explain why they did not seek leave to amend their complaint before judgment was entered. Thus the district court's denial of leave to amend was not an abuse of discretion. See id. In addition, if leave to amend was granted, the proposed amendment would not have cured the complaint. Even if the Sheriff's office violated Sec. 9-107 and its own policy when it evicted the plaintiffs, this single act is not sufficient to demonstrate an unconstitutional policy or custom. Therefore the proposed amendment would have been futile, which is also a ground for denying leave to amend. Cf. Harris, 27 F.3d at 1287.[7]
 
 II. Sanctions
 
 6
 Appellee Mary Kerger requests sanctions against the plaintiffs for filing a frivolous appeal. See Fed.R.App.P. 38. The court of appeals may award sanctions if "the result is obvious or ... the appellant's argument is wholly without merit." Askin v. Time Warner Cable Corp., 52 F.3d 140, 146 (7th Cir.1995), quoting Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir.1994). In addition, we will usually decline to award sanctions unless there is some evidence that the appeal was taken in bad faith. Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 588 (7th Cir.1994); Flaherty, 31 F.3d at 459. In the instant case, the appellants' argument is undoubtedly weak: the law is clear that the district court may deny a post-judgment request to file an amended complaint when (1) the new argument could have been raised earlier and (2) in any event, the proposed amendment would not cure the complaint. However, we are not convinced that the appeal was taken in bad faith--the pro se appellants are not attorneys and thus may not have been fully informed of the correct legal standards. Cf. Rennie v. Dalton, 3 F.3d 1100, 1111 (7th Cir.1993) (sanctions imposed because appellate counsel should have known proper legal standard), cert. denied, 114 S.Ct. 1054 (1994); A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399 (7th Cir.1992) (sanctions imposed because counsel could not have had reasonable expectation of prevailing on appeal), cert. denied, 113 S.Ct. 194 (1992).[8] We therefore decline to impose sanctions.[9]
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The plaintiffs are active members of Court Crusade, a group that has staged several protests at the DuPage County courthouse. Timothy Ryan is the President of Court Crusade, Michael Lewis is Vice-President, and Garrett Wainwright is a director and shareholder of the organization. In addition, Ryan was the Democratic nominee for Circuit Clerk of DuPage County, and Lewis was the Democratic nominee for DuPage County Recorder of Deeds
 
 
 [2]
 Judge Wheaton ordered the eviction
 
 
 [3]
 To recover against a governmental entity (e.g., the Sheriff's Office) under Sec. 1983, a plaintiff must prove that a policy or custom of the entity contributed to the violation of federal law or the constitution. Hafer v. Melo, 502 U.S. 21, 25 (1991); Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978)
 
 
 [4]
 The sole issue presented to this court by the plaintiffs-appellants is the denial of leave to file a third amended complaint. Three of the four appellees' briefs address the merits of the magistrate's decision to dismiss the second amended complaint--a question not raised by the appellants
 
 
 [5]
 Before we discuss the merits, the plaintiffs-appellants have filed a motion to strike the brief and argument of defendants-appellees Sansome, Sopkin and Roemer, arguing that they improperly supplemented the record on appeal. The defendants-appellees have complied with Fed.R.App.P. 10(e) as well as this court's order of September 29, 1994. Thus the motion is denied
 
 
 [6]
 The plaintiffs state that they received a copy of the policy (obtained pursuant to a discovery request) on December 20, 1993. Appellants' Brief at 10. The magistrate dismissed the second amended complaint on May 5, 1994
 
 
 [7]
 Also, the plaintiffs ask for another opportunity to amend because they are pro se litigants. The district court generally should not dismiss a pro se complaint without allowing at least one opportunity to amend. Frasier v. General Electric, Co., 930 F.2d 1004, 1007 (2d Cir.1991). In the instant case, the plaintiffs were allowed to submit two amended complaints. The magistrate judge did not abuse his discretion by denying the plaintiffs a third chance to amend their complaint. Finally, because he properly refused to allow the plaintiffs to amend their policy claim (the only federal claim that they propose to include in their third amended complaint), he had no duty to exercise supplemental jurisdiction over the state conspiracy claim. See 28 U.S.C. Sec. 1367(c)(3)
 
 
 [8]
 Kerger argues that the "appellants have demonstrated a pattern of 'game-playing' with the appellees and the Court" and accuses them of "perjur[ing] themselves in every court" where they have appeared in these proceedings. Brief of Appellee Kerger at 17. The only question relevant to Rule 38 sanctions, however, is whether this appeal is frivolous. In addition, Kerger should present more than conclusory statements if she wishes to levy a charge of perjury against the appellants
 
 
 [9]
 Kerger's request for sanctions was included in her appellate brief. Rule 38 requires that a motion for sanctions be filed separately and that the non-moving party be given an opportunity to respond. These concerns would be relevant, however, only if we were inclined to impose sanctions