**ILLINOIS CONFERENCE OF TEAMSTERS AND EMPLOYERS WELFARE FUND, Plaintiff–Appellee,**

v.

**STEVE GILBERT TRUCKING, Defendant–Appellant.**

No. 95–1769.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1995.

Decided Dec. 18, 1995.

Thomas H. Wilson (argued), Michael A. Myers, Sorling, Northrup, Hanna, Cullen & Cochran, Springfield, IL, for Plaintiff–Appellee.

Gordon W. Gates (argued), Londrigan, Potter & Randle, Springfield, IL, for Defendant–Appellant.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

The Illinois Conference of Teamsters and Employers Welfare Fund ("Fund") brought this claim pursuant to section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. § 1132(a)(3), seeking to collect delinquent contributions owed to it by Steve Gilbert Trucking ("Gilbert Trucking"). Gilbert Trucking appeals the district court's order granting the Fund's motion for summary judgment as to Gilbert Trucking's liability and as to the amount of damages. This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

## I.

### Facts

Until March 1990, Gilbert Trucking, a sole proprietorship owned by Steve Gilbert ("Gilbert"), operated as a non-union company. Earlier that year, however, Gilbert met several times with Michael Carr, the business representative of the Teamsters union, Local 26. At that time, Local 26 was recruiting non-union companies to sign up with the union. Carr told Gilbert that if Gilbert Trucking signed up with the union, it could participate in a major federally funded interstate highway project near Champaign, Illinois. Carr also told Gilbert that the union would not organize his shop or appoint a union steward. According to Gilbert, Carr did not advise him that Gilbert Trucking would have any obligation to make health or pension fund contributions.

On March 19, 1990, Gilbert signed an Articles of Construction Agreement ("Agreement") between the Associated General Contractors of Illinois and the Illinois Conference of Teamsters. Gilbert signed the Agreement (which was effective from May 1, 1989 through April 30, 1992) without reading it and without seeking the advice of an attorney. At the same time, Gilbert signed a Participation Agreement, by which he subscribed to the Declaration of Trust and trust agreement for the Fund. According to Gilbert, he did not know that by signing the Agreement and the Participation Agreement, he obligated Gilbert Trucking to pay to the Fund contributions calculated according to the hours of "covered" work (work performed by Gilbert Trucking drivers who

made deliveries to construction sites). The Fund used those contributions to provide health insurance and other benefits to eligible employees of signatory employers. According to Gilbert, he would not have knowingly obligated Gilbert Trucking to make such contributions because many of its employees worked part-time, and therefore never would have been eligible for Fund benefits.

Gilbert made one contribution payment to the Fund for work performed by two of his employees in July 1990. Gilbert made no payments thereafter. However, Gilbert did receive five letters from the Fund between April and July 1991 advising him that the Fund had not received the required contributions. Gilbert did not respond to the letters because he did not believe that his employees were covered by the Fund.

In August 1992, the Fund informed Gilbert Trucking that it intended to audit the company's records to determine whether it had paid all required contributions.[1] Sometime after Gilbert Trucking received notice of the audit, Gilbert renewed the contract with the union by signing another agreement effective from May 1, 1992 through April 30, 1995. The renewed agreement again obligated Gilbert Trucking to make contributions to the Fund. Gilbert Trucking nevertheless refused to allow the audit.

The Fund then filed this lawsuit to compel Gilbert Trucking to permit the audit and to pay all audit costs and other specified fees. Gilbert Trucking subsequently allowed Michael Cairns, an auditor employed by the Fund, to conduct the audit. The company gave Cairns payroll ledger sheets listing each employee's name, job title, and gross pay. The ledger sheets were the only employment records maintained by Gilbert Trucking. In order to determine the contributions owed to the Fund, Cairns listed the employees designated as drivers, divided their gross pay by the union hourly rate of pay, and thus arrived at a number of hours worked. Cairns then multiplied the number of hours by the contribution amount. Using this method, Cairns determined that Gilbert Trucking owed the Fund $196,632.45 in delinquent contributions, late fees, and audit charges.

After Gilbert Trucking failed to make payment, the Fund amended its complaint to seek a monetary judgment for the delinquent contributions, late fees, and audit fees, as well as for reasonable attorneys' fees and costs. The Fund moved for summary judgment, claiming that Gilbert Trucking was liable for the contributions under the Agreement signed by Gilbert. The district court granted the Fund's motion both as to Gilbert Trucking's liability and as to the amount of damages. Gilbert Trucking now appeals.

## II.

### Summary Judgment

#### A. *Standard of Review*

█ We review the grant of summary judgment *de novo*, applying the same standards as the district court. *CSX Transp., Inc. v. Chicago & North Western Transp. Co., Inc.*, 62 F.3d 185, 188 (7th Cir.1995). We view the record and all reasonable inferences to be drawn from it in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Searls v. Glasser*, 64 F.3d 1061, 1065 (7th Cir.1995). We shall affirm a grant of summary judgment only if no reasonable jury would render a verdict for the non-moving party "if the record at trial were identical to the record compiled in the summary judgment proceeding." *CSX Transp., Inc.*, 62 F.3d at 188, *quoting Russell v. Acme–Evans Co.*, 51 F.3d 64, 70 (7th Cir. 1995).

1. The Agreement authorized the local union or the Illinois Conference of Teamsters to "take such action as they deem necessary" in order to collect payments from delinquent employers. Similarly, the Declaration of Trust and trust agreement required participating employers to provide the Fund trustees with access to their books and records upon demand, so that the Trustees could verify whether all contributions had been paid. Section 502(a)(3) of ERISA also authorizes such an audit. *See* 29 U.S.C. § 1132(a)(3); *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 66 F.3d 862, 863 (7th Cir. 1995).

## B. *Liability*

Gilbert Trucking is obligated to make contributions to the Fund only if it was party to a binding labor agreement with the union. *See Operating Engineers Pension Trust v. Gilliam,* 737 F.2d 1501, 1503 (9th Cir.1984). Thus, Gilbert Trucking's liability hinges upon whether the Agreement constituted a valid contract between it and the union. In its memorandum in opposition to the Fund's summary judgment motion, Gilbert Trucking asserted the defense of fraud in the execution.[2] Gilbert Trucking argued that the Agreement was null and void because Steve Gilbert signed it without knowing the legal consequences of what he was signing. Therefore, the Agreement could not obligate Gilbert Trucking to make contributions to the Fund. The district court noted that even if fraud in the execution may be a viable defense to claims brought under section 502 of ERISA, Gilbert Trucking had waived that defense.[3] We agree, although we base our conclusion on different reasoning than that of the district court.

■ The Federal Rules of Civil Procedure require that all affirmative defenses be specifically pleaded. Fed.R.Civ.P. 8(c). Rule 8(c) provides that a party must "set forth affirmatively" the defense of fraud. Gilbert Trucking did not affirmatively plead in its answer that the Agreement could not obligate it to make contributions to the Fund because fraud in the execution rendered the Agreement void. Gilbert Trucking's failure to plead fraud in the execution in its answer resulted in a waiver of that defense. *See Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 234 (7th Cir.1991). In light of Gilbert Trucking's waiver of its fraud in the execution defense, there is no genuine issue of material fact as to liability. Gilbert Trucking admitted in its answer that it had executed the Agreement and Participation Agreement and that it was bound "by the provisions of the health and welfare fund trust agreement and all the rules and regulations adopted by the trustees pursuant thereto." Nothing in the record puts the Agreement's validity at issue. In the absence of any genuine issue of material fact as to Gilbert Trucking's obligation under the Agreement to make contributions to the Fund, the district court appropriately granted summary judgment as to liability.

■ Even if Gilbert Trucking's failure to plead fraud in the execution in its answer did not waive that defense under Rule 8(c), its subsequent conduct clearly did. In order to assert the defense of fraud in the execution and thus survive the Fund's summary judgment motion as to liability, Gilbert Trucking had to establish that Gilbert did not know that he was signing a collective bargaining agreement and a participation agreement obligating Gilbert Trucking to contribute to the Fund when he signed those documents, and

---

**2.** The district court issued two opinions in this case. In its first opinion, the district court concluded that Gilbert Trucking had waived the affirmative defense of fraud in the inducement by failing to plead the defense pursuant to Fed. R.Civ.P. 8(c), and that in any case fraud in the inducement was not a viable affirmative defense under ERISA. Gilbert Trucking then filed a motion to alter or amend the judgment, arguing that it had asserted the defense of fraud in the *execution* (rather than fraud in the inducement), and that it was not required to plead fraud in the execution as an affirmative defense. Because the court agreed that Gilbert Trucking had discussed the defense of fraud in the execution in its memorandum opposing the Fund's summary judgment motion, it revisited the issue in a second opinion, concluding that even if Gilbert Trucking was not required to plead fraud in the execution as an affirmative defense, it nevertheless had waived that defense. It is this conclusion of waiver that Gilbert Trucking challenges in this appeal.

**3.** This court has not yet addressed whether fraud in the execution is a viable defense under ERISA, nor need we reach that issue in this case. We do note, however, that several Circuits interpreting section 515 of ERISA (which courts have construed as limiting the defenses that an employer may raise in a collection action instituted by an employee benefit plan, *see Central States v. Gerber Truck Serv., Inc.,* 870 F.2d 1148, 1154 (7th Cir. 1989)) have recognized that employers may assert a defense of fraud in the execution in delinquent contribution cases. *See, e.g., Agathos v. Starlite Motel,* 977 F.2d 1500, 1505 (3d Cir. 1992); *Benson v. Brower's Moving & Storage, Inc.,* 907 F.2d 310, 314 (2d Cir.), *cert. denied,* 498 U.S. 982, 111 S.Ct. 511, 112 L.Ed.2d 524 (1990); *Southwest Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 773–775 (9th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987).

that this ignorance was excusable. *See Gilliam,* 737 F.2d at 1504–05; *see also Southwest Adm'rs, Inc. v. Rozay's Transfer,* 791 F.2d 769, 774 (9th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987) (" '[f]raud in the execution' arises when a party executes an agreement 'with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms' . . . and results in the agreement being void *ab initio.*"). In its several answers (filed in response to the Fund's initial and amended complaints), as well as in the proposed answer filed with its first motion to amend its answer,[4] Gilbert Trucking admitted: (1) that it had executed the Agreement and that the Agreement was a collective bargaining agreement; (2) that it had executed the Participation Agreement and that by doing so it agreed to be bound by the terms and conditions of the Declaration of Trust for the Fund; and (3) that it was bound by the provisions of the Fund's trust agreement. These admissions are diametrically opposed to Gilbert Trucking's belated assertion of a fraud in the execution defense in the summary judgment proceedings. Indeed, by admitting in its answer that it was bound by the Declaration of Trust and the trust agreement, Gilbert Trucking undercut any argument that Gilbert did not know what he was signing. The speciousness of Gilbert Trucking's eleventh hour fraud in the execution defense is further highlighted by the fact that it submitted a completed contribution report and paid the required amount for covered work performed by its employees in July 1990.

The only evidence submitted by Gilbert Trucking to counter the admissions in its answer was an affidavit of Steve Gilbert, in which Gilbert stated:

when I signed the articles of construction agreement in March 1990, I did not believe I was signing a collective bargaining agreement. Nor did I believe that by signing the articles I was responsible for making contributions to the health and welfare fund. No union official ever informed me that by signing the articles I would be responsible for making such contributions.

Gilbert Trucking contends that this statement should have precluded summary judgment as to liability because it raises a genuine issue of material fact as to its fraud in the execution defense. We disagree; Gilbert Trucking submitted the affidavit after three times admitting in its answer that the Agreement was a collective bargaining agreement and that it was bound by the Declaration of Trust and the trust agreement, and after acknowledging its obligation to make contributions to the Fund by submitting a contribution report and the owed amount for July 1990.

The district court properly concluded that there was no genuine issue of material fact as to Gilbert Trucking's liability for the delinquent contributions. We affirm the grant of the Fund's summary judgment motion as to liability.

### C. *Amount of Damages*

■ In an attempt to challenge the accuracy of the Fund's audit and calculation of damages, Gilbert Trucking pointed to Steve Gilbert's affidavit, which stated that he paid year-end bonuses that were recorded as regular income and that he did not pay all of Gilbert Trucking's employees union scale wages. Gilbert Trucking also noted that Michael Cairns, who conducted the audit, had testified in his deposition that the audit numbers would be inaccurate if Gilbert Trucking paid bonuses and did not pay the union wage rate. In addition, Gilbert Trucking noted that Gilbert testified in his deposition that only 80 to 90 percent of the hours for which Gilbert Trucking's drivers were paid was "covered" work. According to Gilbert Trucking, these assertions raised a genuine issue of material fact as to the audit's accuracy, and thus precluded summary judgment on that issue. The district court rejected this argument, concluding that Gilbert's affidavit was not sufficient to meet Gilbert Trucking's bur-

---

4.  Gilbert Trucking submitted these same answers three times: (1) in its answer to the Fund's initial complaint, filed April 12, 1993; (2) in its answer to the Fund's corrected first amended complaint, filed June 11, 1993; and (3) in its proposed answer attached to its first motion to amend its answer, filed April 11, 1994.

den of coming forward with evidence that the Fund's calculations were not accurate.

In imposing upon Gilbert Trucking this burden of coming forward, the district court relied upon two circuit cases, *Brick Masons Pension Trust v. Indus. Fence & Supply*, 839 F.2d 1333 (9th Cir.1988) and *Combs v. King*, 764 F.2d 818 (11th Cir.1985). Both cases noted that under ERISA an employer must keep records of its employees' hours in order to permit the calculation of benefits. *See* 29 U.S.C. § 1059(a)(1); *Brick Masons*, 839 F.2d at 1338; *Combs*, 764 F.2d at 822. Analogizing to *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), a case involving a similar recordkeeping provision of the Fair Labor Standards Act, *Brick Masons* and *Combs* held that if a trust fund has proved that the employer is liable for delinquent contributions and that the employer has failed to keep adequate records, the burden shifts to the employer to come forward with evidence that the fund's calculations of damages are not accurate. *Brick Masons*, 839 F.2d at 1338–39; *Combs*, 764 F.2d at 826–27. Adopting the burden shifting approach articulated in *Brick Masons* and *Combs*, the district court stated that because Gilbert Trucking was liable for delinquent contributions but had not kept adequate records, the question was whether Gilbert Trucking had come forward with "evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from" the Fund's evidence. The district court concluded that Gilbert's affidavit did not satisfy Gilbert Trucking's burden and that Gilbert Trucking should have gone beyond the pleadings and supported its contentions with proper documentary evidence.

■ We believe that Gilbert's affidavit and deposition testimony did raise a genuine issue of material fact and thus were sufficient to preclude entry of summary judgment as to the amount of damages. Although it is true that *Brick Masons* and *Combs* impose a bur-

den of coming forward with documentary evidence, those cases did not address the situation here, where the *Fund* sought summary judgment. In *Combs*, for example, the Eleventh Circuit reversed the district court's granting of the *employer's* summary judgment motion because the fund had produced affidavits that raised genuine questions about the accuracy of the employer's records and the employer had failed to keep adequate records. The court concluded that because the employer had not maintained such records, it had failed to demonstrate that no actual dispute existed as to the material facts in the case. 764 F.2d at 827. *Brick Masons* involved the calculation of damages after trial rather than at the summary judgment stage. *See also Michigan Laborers' Health Care Fund v. Grimaldi Concrete*, 30 F.3d 692, 696 (6th Cir.1994) (adopting *Combs* and *Brick Masons* burden shifting approach for calculation of damages after trial). Neither *Combs* nor *Brick Masons* held that an employer's failure to maintain adequate records compels summary judgment *against* it. We do not believe that Gilbert Trucking's failure to come forward with documentary evidence to oppose the Fund's summary judgment motion was fatal at that stage of the proceedings. Gilbert's affidavit and deposition testimony asserted several facts that would cast doubt upon the accuracy of the Fund's calculations, and thus raised a genuine issue of material fact sufficient to withstand summary judgment as to the amount of damages.

III.

**Gilbert Trucking's Motion to Amend Its Answer**

■ On August 1, 1994, Gilbert Trucking filed a motion to alter or amend the judgment. At the same time, Gilbert Trucking filed a motion to amend its answer pursuant to Fed.R.Civ.P. 15(a), to which it attached a proposed answer that denied paragraphs 8 and 10 of the Fund's corrected first amended complaint.[5] The district court de-

---

5. On April 11, 1994, Gilbert Trucking filed a motion to amend its answer. The motion included a proposed amended answer asserting additional affirmative defenses. A magistrate judge denied the motion. In its motion to alter or

amend the judgment, filed August 1, 1994, Gilbert Trucking asserted that the magistrate's denial of its motion to amend its answer amounted to a case dispositive ruling that exceeded the magistrate's authority under 28 U.S.C. § 636(b)(1)(A).

nied that motion. Gilbert Trucking appeals, asserting that the district court's denial of its motion to amend its answer amounted to an abuse of discretion. We disagree.

In this case, Gilbert Trucking moved to amend its answer over two months after the district court issued its opinion granting the Fund's motion for summary judgment. It is well established that the presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after the entry of judgment. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994). A party seeking amendment at that stage of the proceedings must provide the district court with a good reason to grant its motion. *Id., citing First Nat'l Bank v. Continental Illinois Nat'l Bank*, 933 F.2d 466, 468 (7th Cir.1991). Gilbert Trucking's explanation of its delay in seeking to withdraw previous admissions and raise a fraud in the execution defense was that "during formal discovery, Defendant became aware of an additional viable defense to Plaintiff's cause, which defense involves fraud in the execution of the relevant contract [and that f]acts supporting that defense were not sufficiently developed on June 11, 1993, to be included in Defendant's original answer." Yet, as the district court recognized, the only factual basis supporting Gilbert Trucking's fraud in the execution defense was Gilbert's affidavit attesting to his understanding of the documents he signed in March 1990. Information about whether Gilbert knew he was signing a collective bargaining agreement and obligating himself to make contributions to the Fund clearly was available to Gilbert Trucking in June 1993 when it filed its answer to the Fund's amended complaint. The district court reasonably concluded that Gilbert Trucking's failure to plead fraud in the execution until after discovery had ended and a motion for summary judgment was filed did

not justify allowing a post-judgment amendment of its answer.

## IV.

## Conclusion

For the foregoing reasons, we affirm the grant of summary judgment as to Gilbert Trucking's liability, reverse the grant of summary judgment as to the amount of damages, and remand the case to the district court for further proceedings in accordance with the rulings in this opinion.[6]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

We agree with the district court that Gilbert Trucking waived any objection to that ruling because it did not file any objection within ten days of the ruling. *See* Fed.R.Civ.P. 72; *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986). Thus, that denial is not at issue in this appeal.

**6.** The Fund requests attorneys' fees on appeal. An award of attorneys' fees, including fees in-

curred on appeal, is mandatory under section 502 of ERISA once judgment is entered in favor of an employee benefit plan. *See* 29 U.S.C. § 1132(g)(2)(D). In view of our decision today, the Fund's request is premature because it has not yet obtained a final judgment in its favor. *See Carpenters Health and Welfare Trust Fund for California v. Bla–Delco Constr., Inc.*, 8 F.3d 1365, 1370 n. 5 (9th Cir.1993).