TRUSTEES Of The MICHIGAN LABORERS' DISTRICT COUNCIL PENSION FUND, Michigan Laborers' Health Care Fund, Michigan Laborers' Vacation Fund, and Michigan Laborers' Training Fund, Fiduciaries Multi–Employer Fringe Benefit Funds Established and Maintained Pursuant to Federal Law, Plaintiffs,

v.

VAN SULLEN CONSTRUCTION, INC., Defendant.

No. 91–74719.

United States District Court, E.D. Michigan, S.D.

June 12, 1993.

Leo Nouhan, Southfield, MI, for plaintiffs.

Paul Machesky, Detroit, MI, for defendant.

## ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S SEPTEMBER 8, 1992 MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiffs filed this lawsuit September 13, 1991. Defendant answered March 6, 1992. On September 8, 1992, defendant filed this motion for summary judgment. Plaintiffs responded October 5, 1992. Defendant filed a reply November 14, 1992, and a supplemental brief November 19, 1992. At the request of this court, the parties filed further supplemental pleadings: plaintiffs filed a supplemental response April 2, 1993; defendants filed a second supplemental brief April 9, 1993; plaintiffs filed a supplemental response brief May 14, 1993; and defendant filed a second reply brief May 21, 1993. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.[1]

### I. Facts

Defendant is a signatory employer to a collective bargaining agreement ("CBA") with Laborers' Local 1191 of the State of Michigan Laborers' District Council. Defendant is obligated under the CBA to contribute certain set sums to plaintiff trust funds for every hour of "covered work" performed by its employees in highway and road construction work.

Defendant's owner, Alan Van Sullen, operates two companies: a road construction company, Van Sullen Construction, Inc.; and a condominium maintenance company, Van Sullen, Inc. The former is a signatory to the CBA and is the defendant in this case; the latter is neither a defendant in this case nor a signatory to the CBA.

In August 1990, plaintiffs instituted a routine audit of defendant's payroll records. Defendant claims that Alan Van Sullen was asked by plaintiffs' auditor, Joni Holmgren, for records of *all* of Alan Van Sullen's employees. Holmgren was told upon receiving the employee records for approximately eighty (80) employees, that not all of those eighty employees performed "covered work." Holmgren's Affidavit at 13.

Plaintiffs claim that defendant is attempting to defraud the union and plaintiff funds by paying non-union employees non-union wages "off-the-books," to perform "covered work," and that defendant is not contributing fringe benefits for these employees. Defendant asserts in defense of these allegations that plaintiffs performed a cursory audit which has caused them to incorrectly conclude that defendant owes contributions; that the work plaintiffs claim was covered work for the construction company was actually non-covered work performed for Van Sullen, Inc., the condo maintenance company. Defendant further claims that even assuming that the employees named by plaintiffs did perform some covered work, those employees also performed non-covered work; it is impossible, according to defendant, for plaintiffs to prove how many of the hours worked by these employees were spent performing covered work and how many hours were spent performing non-covered.

### II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be

---

**1.** On October 26, 1992, plaintiff filed a motion for partial summary judgment as to the eleven employees. Defendant filed a response November 9, 1992, admitting liability for these eleven employees. Plaintiff replied November 20, 1992. Because defendant, in its response, admitted liability, plaintiffs' October 26, 1992 motion is moot. The names of these eleven union employees are: C. Hebner, Don Wilson, L. Thomas, J.

Canales, Brian Barowski, Edwin Knapp, Manuel Silva, Michael Helzer, Roy G. Hendricks, Scott Krusiewicz, and F. Zamora.

On November 24, 1992, defendant filed a motion for sanctions. Plaintiff responded December 14, 1992. Defendant filed a reply December 22, 1992. At an informal meeting between counsel and the court March 19, 1993, defendant agreed to withdraw this motion.

granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties.". *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2516. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

▮ Because the parties are signatories to a collective bargaining agreement, the issues in this case are governed by 29 U.S.C. § 1001, *et seq.,* the Employee Retirement Income Security Act ("ERISA"). The primary issue in this case is whether the defendant, as an employer who is party to a collective bargaining agreement, has a statutory duty under ERISA to maintain adequate records regarding the number of hours worked by its employees; and, if such a duty exists, does an employer, who fails to produce adequate records, assume the burden of disproving the accuracy of the plaintiffs' figures regarding the number of hours worked?

The United States Court of Appeals for the Sixth Circuit has never expressly addressed this issue. It has, however, recognized in *dicta* that section 1059 of the ERISA statute imposes "a duty of responsibility and record keeping on employers who are participants in an employee benefit plan." *Central*

States, et al. v. Central Transport, Inc., 698 F.2d 802, 805 (6th Cir.1983), *rev'd on different grounds*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985). The Court also noted that "ERISA imposes special responsibilities on the trustees who administer employee benefit plans and the employers ... who contribute to them." *Id.* 698 F.2d at 806.

The legislative history of ERISA demonstrates that it was enacted, at least in part, to increase the information and data available to participants. *Combs v. King*, 764 F.2d 818, 822–23 (11th Cir.1985), citing H.R.Rep. No. 98–533, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4649. And the plain language of the ERISA statute clearly places a duty upon the employer to maintain records that will permit a determination of when the benefits are due for employees. *Combs*, 764 F.2d at 822–23. Section 1059(a)(1) of title 29 of the United States Code provides:

> Except as provided by paragraph (2) every employer *shall*, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

29 U.S.C. § 1059(a)(1) (emphasis added).

In light of the explicit language of the ERISA statute and its historical purpose, the court finds that ERISA does impose on defendant a statutory duty to maintain adequate records regarding the number of hours worked by its employees. *Combs*, 764 F.2d at 825; *Brick Masons Pension Trust, et al. v. Industrial Fence & Supply, Inc.*, 839 F.2d 1333, 1338 (9th Cir.1987) (adopting holding of *Combs*). Furthermore, because the defendant is the party in a position to know and to produce the most probative facts concerning the nature and amount of work performed, and because the plaintiffs, on the other hand, have no practical means of proving by affirmative evidence the precise number of hours worked by defendant's employees and covered by the collective bargaining agreement, the court finds that once the trustees produce evidence raising genuine issues of material fact about the accuracy of defendant's records and the number of hours worked by

its employees, the burden shifts to the defendant employer to come forward with evidence of the precise amount of work performed and covered by the collective bargaining agreement. *Brick Masons*, 839 F.2d at 1338.

Thus, the issue in this motion for summary judgment is whether the plaintiffs have produced evidence sufficient to raise genuine questions about the accuracy of the defendant's records and the number of hours worked by its employees. If plaintiffs have produced sufficient evidence, the court then must ask whether defendant has met its burden in proving that it does not owe the amounts claimed by plaintiffs. And if defendant has not met its burden, the issue then becomes whether the evidence presented by plaintiffs is sufficient to show the amount of hours worked as a matter of just and reasonable inference. *Combs*, 764 F.2d at 827.

In the instant motion, defendant seeks summary judgment on the ground that plaintiffs are unable to produce evidence sufficient to create a genuine issue of material fact as to whether the work performed by the employees at issue was covered or not by the CBA. Defendant further claims that plaintiffs cannot produce evidence which would allow the court to determine how many hours of covered versus non-covered work was performed by each employee. Plaintiffs claim that, as to forty-four (44) employees, it has sufficient evidence to create a triable issue of fact. In its supplemental pleadings, plaintiffs offer evidence as to and seek contributions for the following employees:

1) Alsbury, D.
2) Alsbury, James S.
3) Baker, R.
4) Bugbee, D.
5) Chambers, Tim
6) Chapa, A.
7) Charles, K.
8) Canales, Victor
9) D'Agostino, Duane
10) Dudek, R.
11) Eagle, K.
12) Elliott, L.
13) Fernandez, R.
14) Galvan, Jesus

15) Galvan, Jose

16) Gomez, G.

17) Gonzales, C.

18) Gonzales, H.

19) Hanes, T.

20) Hashley, M.

21) Hendricks, R.

22) Joseph, S.

23) Kramer, T.

24) Krusiewicz, S.

25) Kruczynski, Ted

26) Lamb, W.

27) Lomerond, M.

28) Luther, Karl

29) Mason, Jack

30) McCormick, S.

31) Moreno, Carlos

32) Phillips, C.

33) Presutti, N.

34) Rico, Felix

35) Salinas, J.

36) Schutt, E.

37) Schutt, J.

38) Schutt, L.

39) Susin, Jeffry

40) VanSullen, Paul

41) Viela, Victor

42) Villarreal, L.

43) Williams, Doug

44) Zamora, Conrado

In exhibit A to its April 2, 1993 supplemental response, plaintiffs have detailed as to each employee the evidence that would support a factual finding that the employee performed covered work; the remaining exhibits attached to plaintiffs' supplemental response comprise that evidence.

After conducting a thorough review of plaintiffs' pleadings and the exhibits attached thereto, the court finds, for the following reasons, the evidence offered as to R. Dudek, L. Elliott, M. Lomerond, Karl Luther, E. Schutt, Jeffry Susin, and Paul Van Sullen is insufficient to create a genuine issue of material fact. As to plaintiffs' claims for contributions for R. Hendricks and S. Krusiewicz, defendant has previously admitted that con-tributions are owed for these employees; plaintiffs' claims therefore are moot.

The only evidence offered by plaintiffs as to Dudek and Elliott is the affidavit of Edwin Knapp wherein the names of Dudek and Elliott appear as part of a long list of employees who allegedly performed covered work. Though Dudek and Elliott are listed as having been laborers, the deposition testimony of Knapp offers no corroboration of this affidavit. As to Lomerond, plaintiffs claim that the affidavit of Lawrence Thomas names Lomerond as having performed covered work; however, the court can find no mention of Lomerond's name in said affidavit. The only evidence that Karl Luther performed covered work is the affidavit of Edwin Knapp and the hearsay testimony in Knapp's deposition. Knapp testified that he never witnessed Luther work but that Luther told Knapp that he was a laborer. Hearsay testimony alone cannot defeat a motion for summary judgment. *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir.1991); Fed.R.Civ.Pro. 56(e).

Plaintiffs claim to have evidence as to an E. Schutt in the form of an affidavit and the deposition testimony of Lawrence Thomas. However, in reviewing the Thomas affidavit, the court finds no reference to an E. Schutt; rather, reference is made to a Jeff Schutt and to a Lemual Schutt. In the deposition testimony, Thomas makes no affirmative mention of an E. or Ernie Schutt. When asked if he knew "[o]f the following names, Manual Silva, Scott Krusiewicz, Tim or Tom Van Sullen, Kevin Wiszniewski, Ernie Schutt?", Thomas responded positively or otherwise, only to the name Kevin Wiszniewski. Thus, plaintiffs have no evidence as to the alleged employee E. Schutt.

As to Jeffry Susin, plaintiffs can offer only a trade verification letter purportedly signed by Jeffry Susin wherein he indicated that he was a laborer. Without any means of authenticating this document and without any other support for the hearsay evidence it provides, the court finds that this verification letter by itself is insufficient to establish that Jeffry Susin performed covered work.

■ Finally, the court finds that the evidence as to Paul Van Sullen is insufficient to establish a genuine question as to whether this employee performed covered work. Of the evidence offered by plaintiffs, there is only the mention of Paul Van Sullen's name as part of a long list of names appearing in the affidavits of Jesus Galvan and Lawrence Thomas. The pages of Galvan's deposition which plaintiffs claim refer to Van Sullen are not included in the plaintiffs' exhibit 3, and there is no deposition testimony of Thomas which would support the singular mention of Paul Van Sullen's name in either of the affidavits.

■ As to the other thirty-five (35) employees, the court finds that plaintiffs have submitted evidence sufficient in the form of affidavits, deposition testimony, trade verification letters and employer records, to raise a genuine issue of material fact as to the accuracy of defendant's records and the number of covered hours worked by each of these employees. The burden therefore is now upon defendant to come forward with evidence of the precise amount of covered work performed.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment is **DENIED IN PART and GRANTED IN PART**;

It is further **ORDERED** that as to employees R. Dudek, L. Elliott, M. Lomerond, Karl Luther, E. Schutt, Jeffry Susin, and Paul Van Sullen, defendant's motion for summary judgment is hereby **GRANTED**.

It is further **ORDERED** that as to employees D. Alsbury, James Alsbury, R. Baker, D. Bugbee, Tim Chambers, A. Chapa, K. Charles, Victor Canales, Duane D'Agostino, K. Eagle, R. Fernandez, Jesus Galvan, Jose Galvan, G. Gomez, C. Gonzales, H. Gonzales, T. Hanes, M. Hashley, S. Joseph, T. Kramer, Ted Kruczynski, W. Lamb, Jack Mason, S. McCormick, Carlos Moreno, C. Phillips, N. Presutti, Felix Rico, J. Salinas, J. Schutt, L. Schutt, Victor Viela, L. Villarreal, Doug Williams, and Conrado Zamora, defendants'

motion for summary judgment is hereby **DENIED**.

It is further **ORDERED** that plaintiffs' claims for contributions for R. Hendricks and S. Kruciewicz are **MOOT** because defendant has previously admitted that contributions are owed for these employees.

**SO ORDERED.**