Thomas **BELLINGER** and Betty Bellinger, Plaintiffs,

v.

**DEERE & COMPANY, Defendant.**

No. 93–CV–0833.

United States District Court, N.D. New York.

April 7, 1995.

Pattison, Sampson, Ginsberg & Griffin, P.C., Troy, NY (Gerald H. Katzman, Jeffrey R. Armstrong, of counsel), for plaintiffs.

Thorn and Gershon, Albany, NY (Maureen S. Bonanni, of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

Presently before the court are numerous motions filed by both parties, as outlined below. Papers in opposition were filed, except as noted. Oral arguments by the parties were heard by the court on March 20, 1995.

## BACKGROUND

Plaintiffs filed this diversity action alleging that plaintiff Thomas Bellinger was injured while using a corn picker manufactured by defendant Deere & Company. The claims include defective design and manufacture, failure to warn of the safe and proper method of using the product, negligence, and breach of express and implied warranty.

Plaintiff Betty Bellinger alleges a consequent loss of the services of her husband Thomas Bellinger.

## DISCUSSION

### A. *Defendant's Motions to Dismiss*

A cause of action shall not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the Court must assume all of the allegations in the complaint are true. *Id.* Furthermore, where matters outside the pleadings are presented, the motion is treated as a motion for summary judgment and decided pursuant to Rule 56. Fed.R.Civ.P. 12(b). Summary judgment shall be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

A manufacturer of a product which it "knows or should know is dangerous if used in the usual and expected manner" has, under New York law, a duty to "adequately warn users of the product of the danger unless the danger is obvious or well known." *Billiar v. Minnesota Mining & Mfg. Co.,* 623 F.2d 240, 243 (2d Cir.1980) (citations omitted). However, there is no duty to warn, thus no liability for failure to warn, where the "user is fully aware of the nature of the product and its dangers." *Id.; Jiminez v. Dreis & Krump Mfg. Co.,* 736 F.2d 51, 55 (2d Cir.1984) (restating New York law). Thus, where an injured party knows of the danger presented by the product, no liability results from failure to warn. *See Billiar,* 623 F.2d at 243. Whether a party is a knowledgeable user, whether the extent of a party's knowledge of a danger is sufficient to preclude liability, and whether warnings are adequate are questions for the fact-finder. *See Jiminez,* 736 F.2d at 56 (extent of knowledge of danger a jury question); *Billiar,* 623 F.2d at 243–46; *Lancaster Silo & Block Co. v. Northern Propane Gas Co.,* 75 A.D.2d 55, 64,

427 N.Y.S.2d 1009 (4th Dep't 1980) (reasonableness of warnings is generally a question of fact, although in proper case duty to warn may be decided as a matter of law).

■ At issue here is whether plaintiff knew of the dangers involved with operating the cornpicker, such that defendant had no duty to warn. The second issue is whether the danger of the husking box was open, obvious, and well-known, such that defendant had no duty to warn plaintiff of the danger. Defendant cites *Van Buskirk v. Migliorelli*, 185 A.D.2d 587, 586 N.Y.S.2d 378 (3d Dep't), *appeal denied*, 80 N.Y.2d 761, 592 N.Y.S.2d 670, 607 N.E.2d 817 (1992), in support of its argument that the danger was open and obvious, negating the duty to warn. In *Van Buskirk* an experienced farmer was injured when his upper extremity was pulled into an unguarded power take-off (PTO). The court found as a matter of law that the failure to warn claim must be dismissed because the forage wagon involved was manufactured and sold with appropriate warnings, which had been subsequently removed or obliterated. *Id.* at 590, 586 N.Y.S.2d 378. The guards covering the PTO had also been removed. *Id.* at 589, 586 N.Y.S.2d 378. The court also noted that any warnings would not have improved that plaintiff's knowledge, which he had gained by experience. *Id.* at 590, 586 N.Y.S.2d 378. *Van Buskirk* involved a PTO, which is a part of every piece of farm equipment that derives its power from the tractor. Thus, an experienced farmer would gain experience with PTOs when using virtually every piece of power equipment on the farm. Here, the husking box of a cornpicker is the part of the equipment involved. This type of equipment would only be used during the corn harvest, and not throughout the year. Further, plaintiff testified during deposition that he had used this cornpicker for only six to eight hours prior to the accident. Therefore, issues of material fact remain as to the extent of plaintiff's knowledge and whether the danger was sufficiently open and obvious to negate defendant's duty to warn.

The final issue is whether the warnings on the cornpicker were sufficient to preclude liability for failure to warn. The court declines to decide that, as a matter of law, the warnings were sufficient, and leaves this question of fact for the jury.

Defendant further moves the court to dismiss the manufacturing defect and breach of warranty claims. Plaintiff does not oppose dismissal of these claims. Thus, the court will grant the motion to dismiss the manufacturing defect and warranty claims.

### B. *Plaintiffs' Preclusion Motions*

#### 1. Videotape

■ Defendant proposes to offer for admission into evidence a videotape of the cornpicker in order to improve the jury's understanding about how such equipment operates. Plaintiffs oppose admission of the videotape on the grounds that it is misleading due to close-up footage of three safety signs on the equipment which comprise approximately one-half of the length of the tape.

■ Relevant, probative evidence is admissible unless the danger of unfair prejudice, confusion of issues, or misleading the jury substantially outweigh its probative value. Fed.R.Evid. 401, 402, 403. Demonstration evidence is admissible at the discretion of the court where the conditions of the demonstration are similar to those at the time in question and where it is proffered merely to show the mechanical principles involved in the operation of the equipment in question. *See Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973–74 (2d Cir.1985); *Veliz v. Crown Lift Trucks*, 714 F.Supp. 49, 51–53 (E.D.N.Y.1989).

The court finds that the videotape will help the jury to understand the mechanical operation of the cornpicker. Although the videotape does contain close-up footage of the three warning signs, it is clear upon viewing the tape in its entirety that if there is any danger of unfair prejudice, confusion of issues, and misleading of the jury, such danger would be minimal. The court rules, therefore, that the videotape of the cornpicker is admissible into evidence.[1]

1. The court notes that any determinations of admissibility made herein are subject to a proper foundation being laid at trial.

### 2. Testimony of John Geweye

■ Plaintiffs argue that the testimony of John Geweye should be excluded due to defendant's failure to identify him as a witness or summarize his proposed testimony in response to plaintiffs' interrogatories, which requested information regarding comparative negligence and assumption of risk. Defendant intends to call Mr. Geweye to testify regarding events which occurred shortly after plaintiff's accident. Defendant argues it notified plaintiffs' attorney immediately after contacting Mr. Geweye of the intent to call him as a witness. Further, it was known to all parties that Mr. Geweye was a tenant on plaintiff's farm, saw plaintiff immediately after the accident, and transported plaintiff to the hospital.

■ It is within the inherent power of the court to sanction a party for failure to supplement interrogatory answers with the names, addresses, and proposed testimony of witnesses. *Outley v. City of New York,* 837 F.2d 587, 589 (2d Cir.1988); *see* Fed.R.Civ.P. 26(e)(1). The extreme sanction of exclusion, however, should only be used where lesser sanctions would be ineffective. *See Outley,* 837 F.2d at 590–91. In determining whether to exercise its discretion to exclude testimony, the court should consider " 'the explanation, if any, for the failure to name the witness [or to otherwise supplement the answer], the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance.' " *Id.* at 590 (quoting *Murphy v. Magnolia Elec. Power Ass'n,* 639 F.2d 232, 235 (5th Cir.1981) (internal quotation marks and additional citations omitted).

Here there is no indication of any bad faith on the part of defendant's attorney. The defendant named Mr. Geweye as a potential witness shortly after interviewing him in February 1995. Although this was after the deadline date for formal discovery, it was more than two weeks prior to the then-scheduled trial date of March 20, 1995. Furthermore, that trial date was adjourned, giving plaintiffs additional time to interview this witness and prepare for the trial. Plaintiffs have not provided the court with any further particulars regarding why they cannot adequately prepare for this witness in the available time, and they failed to request any lesser sanction than exclusion. The court also notes that this witness is a tenant farmer whose proffered testimony relates to a simple event, and not an expert witness proffering testimony about a complicated scientific theory. Finally, Mr. Geweye's testimony could be important to the defendant's case since he was with the plaintiff immediately after the injury occurred. The court finds, therefore, that the extreme sanction of excluding the testimony of Mr. Geweye is unwarranted.

## C. *Defendant's Preclusion Motions*

### 1. Expert Testimony of William Burrill

The defendant moved the court to exclude the testimony of plaintiffs' expert William Burrill based upon Mr. Burrill's allegedly inadequate experience and the lack of scientific validity in the reasoning relied upon by the expert. Upon notification from plaintiffs, by letter dated April 4, 1995, that Mr. Burrill died unexpectedly, the court will deny the motion as moot without prejudice to renew the motion when a new expert is named by plaintiffs.

### 2. Other Accident Testimony

■ Defendant moves the court to preclude other accident testimony proffered by plaintiffs. Plaintiffs proffer testimony regarding at least seven other accidents involving use of the same model cornpicker, manufactured by defendant herein.

■ Evidence of other accidents is admissible when the conditions surrounding the other accidents are "substantially similar" to the accident which is the subject of the current litigation. *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1083 (5th Cir. 1986); *see also Bowen v. Whitehall Labs., Inc.,* 41 F.R.D. 359 (S.D.N.Y.1966) (other complaints about the product discoverable as may lead to establishing defendant's knowledge of dangerousness, knowledge of how the

product works, and causation); *Sawyer v. Dreis & Krump Mfg. Co.,* 67 N.Y.2d 328, 336, 502 N.Y.S.2d 696, 493 N.E.2d 920 (1986) (under New York law similar prior accidents admissible to show dangerousness of condition and notice); *Hyde v. County of Rensselaer,* 51 N.Y.2d 927, 929, 434 N.Y.S.2d 984, 415 N.E.2d 972 (1980) (prior accident evidence admissible only upon showing of "substantially the same" conditions). In product liability actions, it is appropriate to define the similarity of the accidents based upon the product or defect at issue. *Jackson,* 788 F.2d at 1083. Differences in the surrounding circumstances go to the weight to be given the evidence, rather than to its admissibility. *Id.*

The evidence proffered relates to other accidents with the same model cornpicker, and injury due to contact with the same part of the cornpicker, as that at issue in this case. The other accidents therefore occurred in sufficiently similar circumstances such that the evidence is relevant here. Any differences in circumstances, such as whether the extremity was placed into the husking box accidentally or purposely to clear a jam go to the weight given to the evidence by the fact-finder. *See id.* The court finds, therefore, that the proffered evidence of other accidents is admissible.

### 3. Admission of Standards Violations

■ Defendant moves to exclude the following standards proffered by plaintiffs: Carl M. Hansen, *Universal Safety Standards* (1913, 1914); National Bureau of Casualty and Surety Underwriters, *Handbook of Industrial Safety Standards* (1929); T.O. Armstrong, et al., *Industrial Safety* (1943); International Labour Office, *Model Code of Safety Regulations for Indus. Estab. for the Guidance of Gov'ts and Indus.* (1949); National Safety Council, Inc., *Accident Prevention Manual for Indus. Operations* (1951); American Society of Agricultural Engineers (A.S.A.E.), *Agricultural Engineers Yearbook* (1966) (Recommendations R276, R280, and Standards S318.5, S350). Defendant asserts that the standards are irrelevant, would create undue prejudice, and that the A.S.A.E. standards are inapplicable because they were adopted subsequent to the manufacture of the cornpicker at issue. On the other hand, plaintiffs claim that the standards are universal, therefore relevant, and that the A.S.A.E. standards were known to defendant at the time the Model 18 Cornpicker was developed, and in fact defendant's engineers participated in developing those standards. The court agrees with plaintiffs' reasoning that the standards are relevant in that they pertain to an overall awareness and concern for safety among engineers. Further, the A.S.A.E. standards pertain specifically to safety in engineering development of agricultural equipment. As such, the standards may provide some evidence of the negligence of the manufacturer, and may be helpful to the fact-finder in determining the reasonableness of defendant's conduct. *See Cappellini v. McCabe Powers Body Co.,* 713 F.2d 1, 5 (2d Cir.1983) (reciting New York law); *Sawyer,* 67 N.Y.2d at 337, 502 N.Y.S.2d 696, 493 N.E.2d 920.

### 4. Evidence of Subsequent Remedial Measures

■ Defendant moves the court to preclude testimony regarding the Model 300 cornpicker, arguing that the Model 300 was designed and manufactured as a distinct product from the Model 18 at issue here, rather than as an improvement or correction to the Model 18 design. Plaintiffs argue, however, that the Model 300 has a shielded husking box, and its design is admissible to show the feasibility of a covered husking box design.

■ Evidence of subsequent remedial measures is inadmissible to prove the defendant's negligence or culpable conduct. Fed. R.Evid. 407. However, where, as here, another model includes a safety device and the failure to include that safety device on the model at issue is the basis for the design defect claim, evidence of the design with the safety device is admissible to prove the feasibility of including that safety device. *See* Fed.R.Evid. 105 (evidence inadmissible for one purpose may be admitted for other purpose), 407 (excluding subsequent remedial measures evidence to prove negligence or culpable conduct "does not require the exclu-

sion of evidence of subsequent measures when offered for another purpose, such as ... feasibility of precautionary measures"). Thus, while evidence of subsequent remedial measures is inadmissible to prove negligence or culpability, the design of the Model 300 with its covered husking box, as well as other such models, is admissible to prove feasibility of a design with such a cover.

### 5. Photographs

Defendant moves the court to preclude photographs of a cornpicker manufactured by New Idea. The New Idea cornpicker photographs were proffered as part of the expert testimony of William Burrill. Due to the death of Mr. Burrill, the motion is denied as moot.

■■ Defendant further requests preclusion of photographs of plaintiff's injured hand taken prior to and in the course of reconstructive procedures, based upon plaintiffs' failure to disclose the photographs prior to February 1995 and their inflammatory nature. While graphic photographs of gruesome physical injuries may be inflammatory to a jury, defendant does not provide details which indicate that these photographs are in that category. Further, defendant fails to indicate in what way plaintiffs' delay in disclosing the photographs prejudices defendant, and the court does not see any undue prejudice, particularly in light of the availability of the physician's file, containing the photographs, for inspection by defendant.

### D. *Plaintiffs' Motion for Sanctions*

■■ Plaintiffs request that the court sanction defendant Deere & Company pursuant to Rule 11 for failure to disclose similar products manufactured by Deere, other accidents involving Deere cornpickers, and a design manual in response to plaintiffs' discovery requests. Sanctions for presenting to the court pleadings, motions, and other papers for an improper purpose may be imposed upon a party and/or a party's attorney. Fed.R.Civ.P. 11(b)–(c), 26(g) (certification required that discovery responses are complete and correct, to the best of signer's knowledge, information, and belief). Further, Rule

37 provides for sanctions where a party fails to comply with a discovery order.

Here defendant's attorney, by affidavit, stated that defendant in good faith chose not to disclose other cornpicker models, which were judged to be dissimilar to the Model 18 at issue. See affidavit of Wayne Slavens, a former mechanical engineer with Deere & Co., stating that the cornpicker models in question are "radically different products," and outlining the differences. Furthermore, the defendant's in-house attorney, Gregory R. Noe, by affidavit states that these models were considered dissimilar. Noe further states that the design manual was not deemed to contain damaging information, it was not purposefully withheld for that reason, and in fact the manual was published in 1962, at least three years after development of the Model 18 design. Finally, Noe states that defendant objected to plaintiffs' discovery request regarding accidents which occurred with other model cornpickers, because such cornpickers were dissimilar to the Model 18.

Based upon a careful consideration of the arguments, supporting affidavits and exhibits presented, the court finds that sanctions are unwarranted.

### CONCLUSION

Accordingly, it hereby

ORDERED

1a. Defendant's motion to dismiss plaintiffs' failure to warn claim (docket no. 24) is DENIED;

1b. Defendant's motion to dismiss plaintiffs' manufacturing defect claim (docket no. 25) is GRANTED;

1c. Defendant's motion to dismiss plaintiffs' breach of warranty claim (docket no. 26) is GRANTED;

2. Plaintiffs' motion to preclude the videotape of the cornpicker (docket no. 16) is DENIED;

3. Plaintiffs' motion to preclude the testimony of John Geweye (docket no. 16) is DENIED;

4. Defendant's motion to preclude the expert testimony of William Burrill (docket no. 22) is DENIED as moot;

5. Defendant's motion to preclude other accident testimony (docket no. 27) is DENIED;

6. Defendant's motion to preclude admission of standards violations (docket no. 28) is DENIED;

7. Defendant's motion to preclude evidence of subsequent remedial measures (docket no. 45) is DENIED to the extent the evidence is offered to prove feasibility of alternate design;

8. Defendant's motion to preclude photographs (docket no. 45; plaintiffs' proposed exhibits 80–87 and 29–34) is DENIED;

9. Plaintiffs' motion for Rule 11 sanctions (docket no. 42) is DENIED;

10. Upon good cause shown, the scheduling order is amended to permit plaintiffs to identify and depose a new expert witness within 60 days of the date this order is filed. Plaintiffs are ordered to request a conference at that time to set a new trial schedule.

IT IS SO ORDERED.