**TRUSTEE OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND, et al, Plaintiff,**

v.

**CARPENTRY CONTRACTORS, INC., Defendant.**

No. 00–73165.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 4, 2001.

Nicholas R. Nahat, Novara, Tesija, Southfield, MI, for plaintiff.

Timothy J. Klisz, Klisz, Splinder, Canton, MI, for defendant.

***OPINION AND ORDER GRANTING IN PART AND DENYING IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT***

ROBERTS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Plaintiffs' allege that Defendant–Employer is delinquent in making fringe benefit contributions to Plaintiff-trust funds, in violation of 29 U.S.C. § 1145 (ERISA). Plaintiffs' have filed the results of an audit of the Defendant–Employer as well as the pertinent collective bargaining agreements in support of their Motion. In its Response, Defendant–Employer alleges that Plaintiffs' auditor used improper methods in determining the deficiency owed and has filed an affidavit of the company's president and documentation in support. Plaintiffs argue that this evidence is insufficient to defeat summary judgment.

Because Defendant–Employer's evidence raises issues of material fact regarding the amount of deficiency owed to Plaintiffs', the Court will DENY Plaintiffs' Motion on this issue. However, the court will GRANT Plaintiffs' Motion on Defendant–Employer's obligation to make such contributions because this issue is not disputed.

## II. BACKGROUND

On July 14, 2000, Trustees of the Michigan Regional Council of Carpenters Employee Benefits Fund and Annuity Fund, Trustees of the Carpenters' Pension Trust Fund and Vacation Fund—Detroit and Vicinity, Trustees of the Residential Carpenters Local Union No. 1234 Apprenticeship Fund, Steward Fund and Industry Promotion Fund[1] ("the Funds"), together with the Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, and the AFL–CIO (collectively "the Plaintiffs") filed this action against Carpentry Contractors, Inc., a Michigan corporation. The Complaint alleges that Carpentry Con-

tractors violated its contractual and statutory obligations by failing to make timely fringe benefit contributions to the Funds. Plaintiffs allege the amount due and owing is $146,633.39.

Plaintiffs request the Court enter a judgment in the amount of the deficiency, accumulated interest, attorney's fees and court costs, and audit and other collection costs. Plaintiffs also request the Court order an audit of the Defendant to determine any additional amount due to Plaintiffs, as well as a judgment for any other sums that may become due during the pendency of this action. Finally, Plaintiffs request that the Court retain jurisdiction of this matter pending compliance with the Court's orders.

On September 15, 2000, Defendant–Employer filed its Answer to Plaintiff's Complaint, denying that it failed to pay the full amount of contributions pursuant to the Collective Bargaining Agreement ("CBA"). Plaintiffs then filed the present motion for summary judgment on March 26, 2001, alleging that no genuine issue of material fact exists with respect to the obligation to pay the contributions and that the Defendant had failed to provide any defense to the amount owed. Attached to the Plaintiffs' Motion were copies of the documents evidencing the obligations of the parties under the CBA and the results of the audit of Defendant's records performed during discovery.

Defendant–Employer filed its Response on April 19, 2001, arguing that a genuine issue of fact exists as to what fringe benefits are owed to the Funds. Attached to the Defendant's Response was an affidavit of the president of the Defendant-corporation, Richard M. Schneider. In his affidavit Mr. Schneider alleges that inappropriate methods were used to determine which benefits were owed and which had been paid by the Defendant. The Defendant's Response requested that the Court deny Plaintiffs' Motion for Summary Judgment, or in the alternative, grant a 21-day continuance, pursuant to LR 7.1(f), to provide the Court with the results of its own audit which was being prepared at the time.

---

1. Plaintiff funds are jointly-trusteed funds established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

Section 186 and Section 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145.

The Court entered an Ex Parte Order giving the Defendant until May 10, 2001 to file supporting documentation.

On May 10, 2001, the Defendant filed a supplementary affidavit of Mr. Schneider with exhibits allegedly showing how Plaintiffs' auditor improperly computed amounts of fringe benefits due to certain employees. However, no counter-audit was filed.

### III. *ANALYSIS*

#### A. Summary Judgement Standard

Under F.R.Civ.P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.,* 53 F.3d 146, 150 (6th Cir.1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. Ag Trucking, Inc.,* 57 F.3d 484, 488 (6th Cir.1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox,* 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of

his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937 (6th Cir.1995); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989). Thus, a motion for summary judgment is a means by which to challenge the opposing party to "put up or shut up." *Cox,* 53 F.3d at 149; *Street,* 886 F.2d at 1478. The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. F.R.Civ.P. 56(e); *Cox,* 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland,* 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Snyder,* 57 F.3d at 488; *Tolton,* 48 F.3d at 941.

#### 1. Defendant's Liability under the CBA

The issue of Defendant's liability under the CBAs is not disputed. Plaintiffs' brief in support of their Motion includes photocopies of the contract between the Defendant and the Union adopting the "Carpenters' Commercial Agreement"[2] and of the agreement itself.[3] Plaintiffs' brief also includes a photocopy of the "Agreement Covering Residential Construction" between the parties. Mot. S.J. Exh. 4 (Mar. 26, 2001). Both agreements are signed by the Union and the Defendant. Further, in the Defendant's Response to Plaintiffs' Motion for Summary Judgment the Defendant does not contest its obligations under the agreements or Section 1145 of ERISA. 29 U.S.C. § 1145[4]. Pursu-

---

**2.** Plaintiffs' Motion for Summary Judgment, Exhibit 1 (March 26, 2001).

**3.** Plaintiffs' Motion for Summary Judgment, Exhibit 3 (March 26, 2001).

**4.** "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and condi-

ant to Rule 56(c) of the federal rules, therefore, the Court grants Plaintiffs' Motion for Summary Judgment on the issue of the Defendant–Employer's liability. Fed.R.Civ.P. 56(c) (2000).

### 2. Delinquent Fringe Benefit Payments

■ Plaintiffs also move for summary judgment on the issue of damages. Plaintiffs have conducted an audit of the Defendant's records which shows a delinquency in the total amount of $ 146,633.79, including liquidated damages. Mot. S.J. Exhs. 5, 6, 8 (Mar. 26, 2001). In its Response the Defendant requested additional time pursuant to LR 7.1 to supplement its brief with a counter-audit of the Defendant's records. Resp. p. 6 (Apr. 19, 2001). The Court entered an Ex Parte Order allowing the Defendant until May 10, 2001, to file supporting documentation.

Instead of filing a counter-audit, however, the Defendant submitted a supplementary affidavit of Richard Schneider, President of Carpentry Contractors, Inc. In his affidavit Mr. Schneider argues that several improper methods were used by Plaintiffs' auditor in determining the amounts of fringe benefits due. Aff. Richard Schneider ¶ 3 (May 10, 2001). Mr. Schneider also states that a final audit would be forwarded to the court. Aff. Richard Schneider ¶ 4 (May 10, 2001). The Court has yet to receive a copy of this audit; and, at the hearing held on this Motion on September 20, 2001, counsel for Defendant stated that the counter-audit would not be forthcoming, and that the Defendant was no longer in business. The issue then is whether Mr. Schneider's allegations, standing alone, are sufficient to defeat summary judgment.

The Defendant relies on the holding in *Michigan State Painters Insur. Fund v. Ron Simmons Painting, Inc.,* 875 F.Supp. 417 (E.D.Mich.1995) in arguing that summary judgment is inappropriate in a case such as this where each party has evidence supporting its position. Resp. p. 5 (Apr. 19, 2001). In *Ron Simmons,* however, the court was less concerned with factual disputes surrounding the amount of fringe benefits due to the plaintiff, than it was with the complex

factual issue of whether two painting contractors were joint employers. 875 at 420–423. Further, the court in *Ron Simmons* had to determine whether the corporate veil of a contractor could be pierced to hold the owner personally liable. 875 at 423–424.

The Court addressed the controversy over the amount of the fringe benefits in a footnote only, and no mention was made as to whether one party had filed an audit, answered only by an affidavit, which is the situation here. *Ron Simmons,* therefore, can be easily distinguished because it was before the Court on cross-motions, other issues pre-dominated, and, the Court did not address the sufficiency of evidence required to rebut an audit.

The law in this area is unclear. As Plaintiffs' correctly point out, the summary judgment standard requires the Defendant to provide more than mere allegations in response because Plaintiffs have supplemented their brief with supporting documentation (the audit). See e.g. *First National Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). This issue has been addressed somewhat, in *Trustees of the Michigan Laborers' Dist. Council Pension Fund v. Van Sullen Constr., Inc.,* 825 F.Supp. 165 (E.D.Mich.1993). There, the Court adopted a burden-shifting approach for ERISA cases in situations where a defendant-employer fails to produce adequate records disproving the accuracy of a plaintiff's figures regarding the number of hours worked by employees. 825 F.Supp. at 168–169. Following the holdings in *Brick Masons Pension Trust v. Indus. Fence & Supply,* 839 F.2d 1333 (9th Cir.1988) and *Combs v. King,* 764 F.2d 818 (11th Cir.1985), the Court held that after a trust fund has produced evidence raising genuine issues of material fact about the employer's records, the burden shifts to the employer to come forward with evidence of the precise amount of work performed and covered by the collective bargaining agreement. *Van Sullen* at 169. The Court's rationale was that an employer is in the best position to know and produce facts about the nature and amount

tions of such plan or such agreement." 29 U.S.C. § 1145.

of work performed by its employees. *Id.* The Court found that plaintiff-trusts had created genuine issues of material fact where the trusts presented affidavits, deposition testimony, a trade verification letter, and employer records, but failed to raise a genuine issue where the trusts' allegations were based solely on uncorroborated affidavits and hearsay testimony. 825 F.Supp. at 169–171. The Court went on to grant summary judgment only as to the employees where the employer's evidence had been uncorroborated and hearsay. *Id.*

The Court in *Van Sullen,* however, was presented with the defendant-employer's motion for summary judgment. Where plaintiff-trust funds are the moving parties, as is the case here, the Seventh Circuit has held that the standard changes. In *Illinois Conf. of Teamsters and Employer's Welfare Fund v. Steve Gilbert Trucking*[5], the district court, adopting the burden-shifting approach of *Brick Masons* and *Combs,* had held that the employer failed to meet its burden where the employer kept inadequate records and had only an affidavit and the deposition testimony of its owner to rebut the trust funds' audit. 71 F.3d 1361, at 1366–67. On appeal the Seventh Circuit reversed, holding that an employer's affidavit and deposition testimony were sufficient to preclude entry of judgment as to the amount of damages. *Id.* The Court held that *Combs* and *Brick Masons* were distinguishable; *Brick Masons* involved a calculation of damages following trial, and *Combs* was before the Court on a defense motion for summary judgment.

Plaintiff was the moving party in *Steve Gilbert Trucking. Id.* The employer responded to the trust fund's motion with an affidavit of the company's owner alleging that year-end bonuses were not recorded as regular income and that he did not pay all of the company's employees union scale wages. 71 F.3d at 1366. The employer had also offered · the deposition testimony of the trust fund's auditor who had testified that the audit would be inaccurate if the employer paid bonuses and did not pay the union wage rate. *Id.* The Court held that this evidence cast

doubt on the accuracy of the trust fund's audit and thus raised a genuine issue of material fact sufficient to preclude summary judgment. 71 F.3d at 1367.

The court addressed the *Steve Gilbert Trucking* holding in *Michigan Laborers' Health Care Fund v. Taddie Construction, Inc.* 119 F.Supp.2d 698, 704 (E.D.Mich.2000). There, defendant-employer, which had not kept adequate records of employee hours and type of work conducted, cited *Steve Gilbert Trucking,* arguing that the failure to keep such records created an issue of material fact as to the amount of damages. 119 F.Supp.2d at 704. The court distinguished *Steve Gilbert Trucking* on the grounds that defendants in that case had provided some evidence as to the amount owed in contributions, whereas defendants in *Taddie Construction* had not adduced any evidence. *Id.* The court, therefore, credited the plaintiff-trust funds figures and held there was no issue of material fact as to the unpaid contributions. *Id.*

In the present case the moving parties are the plaintiffs, therefore the holding in *Steve Gilbert Trucking* is more applicable than the holdings in *Combs, Brick Masons,* or *Van Sullen.* The present case is factually distinguishable from these other cases in that neither side has alleged that the Defendant has failed to keep adequate records. Nonetheless, the holdings of the above cases are still persuasive and decisive on the adequacy of Defendant's evidence in defeating summary judgment.

Similar to the defendant-employer in *Steve Gilbert Trucking,* the Defendant in the present case has submitted an affidavit of the company's president, Mr. Schneider, along with corroborating documentation. The affidavit and exhibits call into question the methods Plaintiffs' auditor used in calculating the Defendant's fringe benefit deficiency. For example, Defendant has submitted a copy of the audit computation form used by Plaintiff's auditor in calculating Defendant's fringe benefit contributions. Aff. Richard Schneider Exh. C (May 10, 2001). Defendant alleges that the auditor has improperly credited several employees for having

---

**5.** *Illinois Conference of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking,* 71 F.3d 1361 (7th Cir.1995) *aff'd* 129 F.3d 1267 (7th Cir.1997).

worked Commercial hours, rather than Residential hours, so that they are included on Defendant's Commercial report. Aff. Richard Schneider ¶ 3 (May 10, 2001). As a result, the auditor's calculations of the amount due in benefits on Defendant's account, including vacation pay, are higher than warranted. *Id.*

Defendant has also submitted copies of records created by the Plaintiffs showing the fringe benefit payments Defendant has made to Plaintiffs' trust funds for each employee based on whether the hours worked were commercial or residential. Aff. Richard Schneider Exh. G (May 10, 2001). Defendant notes that several entries that are recorded as payments by Defendant are curiously scratched out by Plaintiffs and uncredited to Defendant's account of benefits payed. Aff. Richard Schneider Exh. G (May 10, 2001). Defendant alleges that similar omissions are pervasive throughout both the commercial and residential records. *Id.*

Based on the holding in *Steve Gilbert Trucking,* summary judgment on the issue of amount of fringe benefit payments owed would be premature.

## B. Additional Argument at the Summary Judgment Hearing

■ At the hearing on this motion, Plaintiffs contended that notwithstanding the holdings of *Steve Gilbert Trucking* and *Taddie Construction,* the Court should disregard the Schneider affidavits, inasmuch as specific Requests for Admission were answered by Defendant regarding the amount due Plaintiffs, with Interrogatories to answer if the requests were denied. These Interrogatories asked Defendant to provide the detail upon which the denials were based. Defendant denied the amount of $146,633.79, and denied the accuracy of the audits conducted by Plaintiffs.

Defendant, however, failed to provide the requested detail in the answers to interrogatories. Plaintiffs contend that when Defendant did its own calculation, it had a duty to supplement its interrogatory responses with specific information that would legitimately call into question Plaintiffs' damage calculation.

Specifically, Plaintiffs requested:

### Request for Admission

9. Admit that Defendant has incurred a delinquency as determined by audit for the period of October 1997 through December 1999, in the amount of $146,633.79, for fringe benefit amounts due on Carpentry Contractor Inc.'s jobs, plus interest, costs, and attorneys fees.

Answer:

Deny

### Interrogatory

10. If the truth of requested admission no. 9 is denied, please:

a. State in detail the facts upon which such denial is based and the reason for such denial;

b. Identify by name, address and telephone number each person, whether or not he/she may be called as a witness, who you believe possesses knowledge or information concerning the basis of your denial of the preceding requested admission; and

c. Identify the possessor of and describe in detail any documentary evidence which you contend supports your denial of the foregoing requested admission.

Answer:

a. Defendant agrees that there is a delinquency, but fully disputes the amount in controversy.

b. Rick Schneider

c. Rick Schneider

Plain. Req. for Admiss. # 9, Plain. Interrog. # 10.

Plaintiffs now contend that under FRCP 26(e), Defendants had a duty to supplement the above responses. FRCP 26(e) requires parties to supplement disclosures and responses if ordered by the Court, or under two circumstances, only one of which applies

here.[6] FRCP 26(e)(2) provides that a party must amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. For its failure to comply with this duty, Plaintiffs state that FRCP 37(c)(1) should serve to bar Defendant from using information which contradicts its audit, at trial, or to use it to attempt to overcome Plaintiffs' summary judgment motion.

FRCP 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment or reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. Pro. 37(c)(1)(2000).

■ The Court finds Plaintiffs' arguments unavailing. The "automatic" exclusion provision of FRCP 37(c)(1) does not apply because the Defendant did not have a duty to supplement pursuant to FRCP 26(e)(1). *See* FN 4, *supra*. Moreover, although the Court has the inherent power to deal with such discovery violations which may include excluding Defendant's evidence,[7] the Court finds this sanction unduly harsh. "The extreme sanction of exclusion, however, should only be used where lesser sanctions would be ineffective." *Bellinger v. Deere & Co.*, 881 F.Supp. 813, 817 (N.D.N.Y.1995) (citing *Outley v. City of New York*, 837 F.2d 587, 590–91. (2nd Cir.1988)). Though the issue before the courts in *Outley* and *Bellinger* was whether witness testimony should be excluded, the analysis in the present case, where the evidence at issue is an affidavit, is similar. In making this determination, the Court is to consider the Defendant's explanation for it's failure to supplement the interrogatory, the importance of Defendant's evidence, and Plaintiff's need for time to meet Defendant's evidence. *Id.*

Defendant argues that it did not have the resources to conduct a "counter-audit" that would place the figures from Plaintiffs' audit in dispute. This explanation, however, does not excuse Defendant's failure to supplement its response to Plaintiffs' interrogatory at an earlier time in this proceeding. Richard Schneider's affidavit would have at least minimally complied with Defendant's duty to supplement under FRCP 26(e)(2). Had Defendant done so, the present Motion may have not have been brought by Plaintiffs. On the other hand, Richard Schneider's affidavit is vital to Defendant's argument. Without this evidence summary judgment would be granted in favor of Plaintiffs. Further, without this evidence at trial Defendant would likely have great difficulty in challenging Plaintiffs' audit. Finally, because this evidence was not offered on the eve of trial, Plaintiffs have sufficient time to meet this evidence. For these reasons, the Court finds that exclusion of Defendant's evidence as a sanction for violating FRCP 26(e)(2) would be unduly harsh.

■ The Court has wide discretion in fashioning a proper sanction in this case. *See* 8 *Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure*, § 2050, 609–10, *FN 11* (2d ed., West 1994). In so doing, the Court may look

---

**6.** The duty to supplement under FRCP 26(e)(1) does not apply in this case because prior to December 1, 2000, this Court opted out of FRCP 26(a) disclosures. *See Comment*, LR 26.3 (E.D.Mich).

**7.** *See* 8A *Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure*, § 2282, 604, *FN 14, 15* (2d ed., West 1994); *See also Bellinger v. Deere & Co.*, 881 F.Supp. 813, 817 (N.D.N.Y.1995).

to FRCP 37, and the case law interpreting that provision, for guidance. *Id.* Because the Court believes that the present Motion may not have been necessary had Defendant supplemented its answer to Plaintiffs' interrogatory as required by FRCP 26(e)(2), the Court hereby orders Defendant to pay all reasonable costs incurred by Plaintiffs' in bringing this Motion, including attorney's fees. In addition, the Court hereby orders Defendant to supplement its answer to Plaintiffs' interrogatory within thirty days, and to provide detail to support its contention that Plaintiffs' figure is wrong and what Defendant believes to be the actual deficiency owed.

## IV. *CONCLUSION*

For the above stated reasons, the Court will **DENY** Plaintiffs' Motion [18–1] on the issue of the amount of delinquency owed, but will **GRANT** Plaintiff's Motion [18–1] on the issue of the Defendant–Employer's obligation to make such contributions. The Court orders Defendant to pay all costs and attorney fees of Plaintiff in brining this motion; Plaintiffs are ordered to submit a bill within thirty days. The Court further orders Defendant to supplement its answer to Plaintiff's interrogatory within thirty days.

**IT IS SO ORDERED.**